[Cite as *Wells Fargo Bank, N.A. v. Beirne*, 2011-Ohio-6678.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

WELLS FARGO BANK, N.A. as
TRUSTEE

    Appellee

    v.

MARTIN J. BEIRNE, JR. et al

    Appellants

C.A. No.     09CA0103-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09CIV0278

DECISION AND JOURNAL ENTRY

Dated: December 27, 2011

---

CARR, Judge.

{¶1}    Appellants, Martin Beirne Jr., and Elizabeth C. Beirne, appeal the judgment of the Medina County Court of Common Pleas. This Court reverses.

I.

{¶2}    On June 17, 2005, the Beirnes executed a promissory note in favor of Argent Mortgage for property at 3704 Knots Landing, in Medina, Ohio. The note was secured by a mortgage. Subsequently, Argent Mortgage assigned its interest to Appellee, Wells Fargo.

{¶3}    Wells Fargo filed the instant foreclosure action on February 11, 2009. The Beirnes filed an answer on April 9, 2009. Wells Fargo subsequently filed a motion for summary judgment on April 28, 2009. On November 27, 2009, the Beirnes filed a response in opposition to the motion for summary judgment. On December 1, 2009, the trial court issued a journal entry granting summary judgment in favor of Wells Fargo.

{¶4} The Beirnes filed a notice of appeal on December 31, 2009. On appeal, the Beirnes raise two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

"THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLEE FAILED TO ESTABLISH THE CONDITION PRECEDENT UPON WHICH THE LAWSUIT WAS PREDICATED, SINCE APPELLEE DID NOT PROVIDE EVIDENCE AS TO WHETHER, WHEN, HOW OR BY WHAT MEANS IT PROVIDED APPELLANTS WITH NOTICE OF DEFAULT."

{¶5} In their first assignment of error, the Beirnes argue that the trial court erred in granting summary judgment in favor of Wells Fargo because Wells Fargo failed to establish the absence of a genuine issue of material fact as to whether it had provided advance notice of default as a condition precedent prior to filing the foreclosure action. This Court agrees.

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

{¶7} Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

{¶8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of

a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449.

{¶9} In support of their position that Wells Fargo failed to demonstrate the absence of a genuine issue of material fact as to whether it had provided notice of default, the Beirnes emphasize that the acceleration clause in the mortgage necessitated advance notice prior to filing the foreclosure action. The Beirnes argue that the affidavit of Melissa Viveros, which was filed in support of Wells Fargo's motion for summary judgment, provides no evidence or allegation of any notice of acceleration to the Beirnes. Wells Fargo counters that Ms. Viveros's affidavit was sufficient to establish a prima facie case on the note and foreclosure of the mortgage and that the Beirnes failed to meet their reciprocal burden. In specific response to the Beirnes' argument regarding notice of default, Wells Fargo contends that the Beirnes waived their right to raise the issue as a defense because they failed to deny the performance of a condition precedent with particularity in their answer as is required by Civ.R. 9(C). Wells Fargo asserts that because the Beirnes only generally denied the performance of a condition precedent in their answer, they admitted that they were provided adequate notice of default.

{¶10} Paragraph 22 of the mortgage provides in pertinent part as follows:

"Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument \*\*\* The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by Judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence."

{¶11} Accordingly, prior to accelerating the balance due on a promissory note and filing an action to foreclose a mortgage, Wells Fargo was required to give the Beirnes notice of their default and an opportunity to cure the default. Paragraph 15 of mortgage, which is titled "Notices," provides:

"All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. \*\*\* The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. \*\*\* There may be only one designated notice address under this Security Instrument at any one time."

{¶12} In its motion for summary judgment filed on April 28, 2009, Wells Fargo asserted that the affidavit attached to the motion established that the Beirnes were in default of payment of the note, that there was an acceleration provision, and that "[Wells Fargo] has exercised that provision and called the entire amount of unpaid principal with interest immediately due and payable." Wells Fargo specifically argued that "the claim of Plaintiff is substantiated in its supporting Affidavit." With respect to the notice of default provision in the mortgage, Wells

Fargo made no reference to a possible admission in the parties' pleadings pursuant to Civ.R. 9(C). Instead, Wells Fargo stated that the note and mortgage contained a provision permitting it to call due the balance of the note, and then relied on the Supreme Court of Ohio's 1880 decision in *Union Cent. Life Ins. Co. v. Curtis* (1880), 35 Ohio St. 357, for the proposition that "the filing of the Complaint is a sufficient notice and declaration of Plaintiff's exercise of this option." In *Union Central*, the Supreme Court did not confront a set of circumstances where the mortgagee was required to provide notice of default and an opportunity to cure prior to accelerating the mortgage. Here, Wells Fargo was required to provide the Beirnes with notice of default; an explanation of the action required to cure the default; and a thirty-day window within which to cure the default prior to accelerating the mortgage.

{¶13} The only portion of the record that Wells Fargo identified in its motion for summary judgment was the affidavit of Ms. Viveros. A review of the affidavit reveals no mention of whether Wells Fargo had provided adequate notice of default pursuant to paragraph 22 of the mortgage agreement. In her affidavit, Ms. Viveros stated that she is "Vice President for Barclays Capital Real Estate, Inc., dba HomEq Servicing, attorney in fact for the Plaintiff, Wells Fargo Bank, NA as Trustee[.]" Ms. Viveros averred that Wells Fargo is the holder and payee of the note and mortgage executed by the Beirnes. Ms. Viveros further averred that in her employment capacity, she has access and knowledge of the Beirnes' account, and Wells Fargo's records pertaining to said account. Ms. Viveros averred that the Beirnes "have not made the payments required on said Note and have otherwise breached the terms and conditions, and the account established pursuant to the agreement is currently overdue and in default as evidenced by the account history attached hereto as Exhibit 'C.'" Ms. Viveros specifically averred that "there is currently due and owing to the Plaintiff by the Defendants the principle sum of

$187,373.16, plus interest at the rate of 8.92500% per annum, from October 1, 2008, plus late fees, court costs, and expenses."

{¶14} In responding to the motion for summary judgment, the Beirnes argued that Wells Fargo had not provided any evidence that it had given proper notice of default in accordance with the mortgage agreement. The Beirnes also argued that Wells Fargo was incorrect when it asserted that the mere filing of the complaint was sufficient notice of acceleration and default under the terms of the mortgage agreement. The Beirnes noted that a purported notice of default, which they attached to their response, had been obtained through the discovery process. The Beirnes argued that the notice was deficient because it did not state a sum certain as to the amount needed to cure the default and that there was no evidence that the Beirnes were ever served with notice.

{¶15} Pursuant to the mortgage agreement, Wells Fargo was required to give the Beirnes notice of their default and an opportunity to cure prior to accelerating the balance due on the promissory note and filing an action to foreclose. Wells Fargo did not establish that it complied with the notice of default provision in its motion for summary judgment. We note that, "a party seeking summary judgment always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Dresher*, 75 Ohio St.3d at 288, quoting *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323. "[T]he the burden on the moving party may be discharged by 'showing'-that is, pointing out to the [trial] court-that there is an absence" of a genuine issue of material fact. *Dresher*, 75 Ohio St.3d at 289-290, quoting *Celotex*, 477 U.S. at 325. Because Wells Fargo made no mention of possible admissions in the

pleadings in its motion for summary judgment, the question of whether the purported general denial constituted an admission by the Beirnes is not before us. With respect to the record before the trial court, Wells Fargo pointed only to the affidavit of Ms. Viveros. In her affidavit, Ms. Viveros did not address the issue of whether Wells Fargo sent notice of default to the Beirnes prior to filing their complaint in accordance with the mortgage agreement. Thus, Wells Fargo failed to meet its initial *Dresher* burden of pointing to portions of the record that show the absence of a genuine issue of material fact. *Dresher*, 75 Ohio St.3d at 292-93. It follows that the Beirnes' first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

"THE AFFIDAVIT FILED BY APPELLEE IN SUPPORT OF SUMMARY JUDGMENT WAS NOT ADMISSIBLE AND THUS NOT COMPETENT EVIDENCE UPON WHICH THE COURT COULD BASE ITS DECISION."

{¶16} In their second assignment of error, the Beirnes argue that the affidavit filed in support of Wells Fargo's motion for summary judgment cannot be considered as evidence. Because our resolution of the first assignment of error is dispositive of this appeal, this Court declines to address the Beirnes' second assignment of error as it is rendered moot. See App.R. 12(A)(1)(c).

III.

{¶17} The Beirnes' first assignment of error is sustained. This Court declines to address the Beirnes' second assignment of error as it is rendered moot. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

JOHN P. MALONE, JR., Attorney at Law, for Appellants.

REBECCA N. ALGENIO and SALLIE A. CONYERS, Attorney at Law, for Appellee.