[Cite as *Liberty Savs. Bank, F.S.B. v. Bowie*, 2014-Ohio-1208.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| LIBERTY SAVINGS BANK, F.S.B. | | C.A. No. 27126 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GILBERT C. BOWIE, aka Gilbert Bowie, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV 2013 01 0379 |
| Appellants | | |

DECISION AND JOURNAL ENTRY

Dated: March 26, 2014

HENSAL, Presiding Judge.

{¶1} Appellants, Gilbert C. Bowie and Sharlene Bowie, appeal from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court reverses.

I.

{¶2} On October 9, 2009, Mr. Bowie executed a promissory note in favor of Liberty Savings Bank, F.S.B. for the property located at 1132 Dietz Avenue in Akron, Ohio. The note was secured by a mortgage on the property executed by both Mr. and Mrs. Bowie in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Liberty Savings. The mortgage was assigned three separate times between MERS and Liberty Savings over the course of approximately one year. The last assignment from MERS to Liberty Savings was recorded on November 20, 2012. The note has two indorsements marked "cancel[led]" and a third blank indorsement signed by Liberty Savings. In addition, Mr. Bowie and Liberty Savings executed a

loan modification agreement that was recorded on August 16, 2012, which altered the repayment terms of the note but left the remaining terms "unchanged."

{¶3} On January 16, 2013, Liberty Savings filed a complaint for foreclosure against the Bowies, NPCS, Inc. and Fleetwood Properties, LLC. Liberty Savings attached to its complaint copies of the promissory note, mortgage, three mortgage assignments and the loan modification agreement. The Bowies filed an answer that asserted several "defenses and affirmative defenses." The trial court entered default judgment against NPCS, Inc. and Fleetwood Properties, LLC. Liberty Savings filed a motion for summary judgment, which the trial court granted after the Bowies failed to file a response in opposition. The Bowies now appeal the entry of summary judgment to Liberty Savings and raise two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE BANK, AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT WHETHER THE BANK PROVIDED THE PROPER NOTICES OF DEFAULT PRIOR TO ACCELERATION AND FOR A FACE-TO-FACE MEETING, AS REQUIRED BY APPLICABLE FEDERAL LAW FOR AN FHA MORTGAGE.

{¶4} In their first assignment of error, the Bowies argue that the trial court erred in granting summary judgment to Liberty Savings as a genuine issue of material fact remained as to whether Liberty Savings complied with all applicable federal regulations issued by the Secretary of Housing and Urban Development (HUD). This Court agrees.

{¶5} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving

any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011–Ohio–1519, ¶ 8. Pursuant to Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant must specifically identify the portions of the record that demonstrate an absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If the movant satisfies this initial burden, the nonmoving party has a reciprocal burden to point to specific facts that show a genuine issue of material fact for trial. *Id.* The nonmoving party must identify some evidence that establishes a genuine issue of material fact, and may not rely upon the allegations and denials in the pleadings. *Sheperd v. City of Akron*, 9th Dist. Summit No. 26266, 2012–Ohio–4695, ¶ 10. "However, even if the non-moving party does not respond, summary judgment may be granted only if the movant has satisfied the prerequisites to summary judgment." *CitiMortgage, Inc. v. Firestone*, 9th Dist. Summit No. 25959, 2012-Ohio-2044, ¶ 10. *See also* Civ.R. 56(E) ("If the [non-moving] party does not * * * respond, summary judgment, *if appropriate*, shall be entered against the party.") (Emphasis added.)

{¶6} The Bowies argue that the subject note and mortgage were insured by the Federal Housing Administration (FHA), which required that Liberty Savings comply with certain federal HUD regulations prior to initiating the foreclosure action. Specifically, the Bowies maintain that Liberty Savings neither made a reasonable effort to arrange a face-to-face meeting with them nor sent a proper notice of default and acceleration by certified mail prior to filing the foreclosure case.

**{¶7}** In support of its motion for summary judgment, Liberty Savings attached two affidavits from Tonia Dye, its assistant vice president. She averred that the copies of the note, loan modification agreement and mortgage attached to the complaint were true and accurate copies of the original instruments. Ms. Dye testified in her first affidavit that "all of the prerequisites required under the note and mortgage necessary to accelerate the balance due * * * have been performed." In her second affidavit, she averred that a "[n]otice of [right] to [c]ure [d]efault" was sent to Mr. Bowie via first class mail. Ms. Dye's second affidavit appended a "true and accurate copy" of the notice, which contained a line labeled "[c]ertified [m]ail" that was blank.

**{¶8}** Under Section 203.606(a) of Title 24 of the Code of Federal Regulations, "[b]efore initiating foreclosure, the mortgagee must ensure that all servicing requirements of this subpart have been met." One such servicing requirement of the applicable subpart is that the "mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting" prior to initiating the foreclosure unless one of the stated exceptions applies. 24 C.F.R. 203.604(b). This Court has previously held that the failure of a mortgagee to submit evidentiary materials in support of its motion for summary judgment that demonstrates it satisfied the HUD requirement to either have a face-to-face meeting or make "reasonable efforts" to arrange such a meeting raises a genuine issue of material fact that precludes summary judgment. *BAC Home Loans Servicing, LP v. Taylor*, 9th Dist. Summit No. 26423, 2013-Ohio-355, ¶ 22, citing *Washington Mut. Bank v. Mahaffey,* 154 Ohio App.3d 44, 2003-Ohio-4422 (2d Dist.).

**{¶9}** Other than Ms. Dye's conclusory statement that "all of the prerequisites required under the note and mortgage * * * [were] performed," Liberty Savings submitted no evidence in

support of its motion for summary judgment that it complied with the meeting requirement. It maintains that there was no evidence that the loan was either a FHA or HUD loan, or subject to 24 C.F.R. 203.604(b) at the time of acceleration and default. However, the only copies of the note and mortgage in the record, which Liberty Savings attested were "true and accurate copies" of the originals, indicated both that it was an FHA loan and subject to HUD regulations. The note indicates that it is a "[m]ultistate FHA [f]ixed [r]ate [n]ote." Section 6(B) of the note provides that:

> If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. * * * In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

While the parties agreed to modify the payment terms of the note, the loan modification agreement indicates that the note and mortgage remain unchanged unless specifically altered by the agreement. The agreement does not include any terms that alter Section 6(B) of the original note.

{¶10} The Bowies' mortgage indicates that it is an "Ohio FHA [m]ortgage." The mortgage contains the following provision:

> **Regulations of HUD Secretary.**
>
> In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

The FHA case number is redacted on both the note and mortgage, while the loan modification agreement does contain the case number. Accordingly, we reject Liberty Savings' argument as

the loan documents themselves demonstrate that it is an FHA loan and is subject to HUD regulations.

{¶11} Liberty Savings further argues that the Bowies waived the right to challenge its alleged noncompliance with the face-to-face meeting requirement as such a requirement is a condition precedent to the contract, which they were required to deny with specificity and particularity under Civil Rule 9(C). Rule 9(C) provides that: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." Liberty Savings pleaded in its complaint that, "it ha[d] performed all of the conditions precedent required to be performed by it." In their answer, the Bowies "den[ied] that [Liberty Savings] ha[d] performed all required conditions precedent." They further pleaded as a "[d]efense[ ]/[a]ffirmative [d]efense[ ]" that Liberty Savings "failed to satisfy all statutory and contractual conditions precedent to foreclosure."

{¶12} Ohio appellate districts are divided on the issue of whether the face-to-face meeting requirement under 24 C.F.R. 203.604(b) is a condition precedent that must be specifically denied under Civil Rule 9(C) or an affirmative defense that may be generally pleaded under Civil Rule 8(C). The Fifth District has held that the requirement to have a face-to-face meeting under 24 C.F.R. 203.604(b) is a condition precedent that must be specifically denied under Rule 9(C). *U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, ¶ 52 (5th Dist.); *see also Wells Fargo Bank, N.A. v. Gerst*, 5th Dist. Delaware No. 13 CAE 05 0042, 2014-Ohio-80, ¶ 23 (reaffirming *Detweiler*). The Second District has held that the meeting requirement provides an affirmative defense. *Wells Fargo Bank, N.A. v. Goebel*, 2d Dist. Montgomery No. 25745, 2014-Ohio-472, ¶ 20. How the requirement is characterized

makes a difference in the proceedings since "an affirmative defense is separate from the merits of the plaintiff's cause of action and bars recovery even when the plaintiff has established a prima facie case, [while] a condition precedent is directly tied to the merits of the plaintiff's cause of action, which is itself contingent upon satisfaction of the condition." *Id*., quoting *National City Mortg. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556, ¶ 20 (10th Dist.). This Court declined to address the issue in the *Taylor* case. *Taylor*, 2013-Ohio-355, at ¶ 17 ("Further, in the absence of any argument that the Taylors waived their right to argue noncompliance with HUD regulations, this Court need not consider whether the defense is properly treated as an affirmative defense or condition precedent for pleading purposes.")

{¶13} While Liberty Savings has argued that the Bowies waived their argument by not pleading their defense with specificity, this Court need not address the issue because Liberty Savings failed to raise the issue in its motion for summary judgment. *See Wells Fargo Bank, N.A. v. Beirne*, 9th Dist. Medina No. 09CA0103-M, 2011-Ohio-6678, ¶ 15. In *Beirne*, the foreclosing lender argued that the borrowers waived their right to challenge the lack of a notice of acceleration because they failed to deny the performance of a condition precedent with particularity under Rule 9(C). We concluded that, "[b]ecause Wells Fargo made no mention of possible admissions in the pleadings in its motion for summary judgment, the question of whether the purported general denial constituted an admission by the Beirnes is not before us." *Id*. Just as in *Beirne*, Liberty Savings made no argument in its summary judgment motion that the Bowies admitted or waived their face-to-face meeting requirement defense. Accordingly, this Court will not address the question of whether the Bowies admitted or waived that Liberty Savings satisfied the requirement of a face-to-face meeting. *See also U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 40.

**{¶14}** We turn next to the Bowies' argument that there is a genuine issue of material fact as to whether Liberty Savings complied with an applicable HUD regulation that requires the lender to send a written notice of default and acceleration to the borrower. Under 24 C.F.R. 201.50(b), a foreclosing lender must provide the borrower with a written notice sent via certified mail that the loan is in default and that the balance will be accelerated. Ms. Dye's second affidavit appended to Liberty Savings' motion for summary judgment averred that a "[n]otice of [r]ight to [c]ure [d]efault]" was mailed to Mr. Bowie via first class mail and attached a purported copy of the notice. The notice contained a line labeled "[c]ertified [m]ail" that was left blank. Based on the evidence offered by Liberty Savings in support of its motion for summary judgment, which suggests that the notice was sent via first class mail and not certified mail, this Court concludes that it failed to demonstrate the absence of a genuine issue of material fact on the issue of whether it provided the Bowies adequate notice under 24 C.F.R. 201.50(b).

**{¶15}** Liberty Savings failed to meet its initial burden under *Dresher* to demonstrate the absence of a genuine issue of material fact as to whether it complied with all applicable HUD regulations. Accordingly, the Bowies' first assignment of error is sustained.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE BANK WHEN THE BANK'S AFFIDAVIT WAS NOT ADMISSIBLE AND DID NOT PROPERLY AUTHENTICATE THE DOCUMENTS RELIED UPON BY THE BANK.

**{¶16}** In their second assignment of error, the Bowies argue that Ms. Dye's affidavit, which Liberty Savings relied on in support of its motion for summary judgment, was not based on personal knowledge and failed to authenticate the documentation attached to the affidavit by laying the proper foundation. In light of our resolution of the Bowies' first assignment of error, their argument is moot. This Court, therefore, declines to address it. App.R. 12(A)(1)(c).

III.

{¶17}  The Bowies' first assignment of error is sustained and their second assignment of error is moot.  The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

MARK E. OWENS and RONALD L. CAPPELLAZZO, Attorneys at Law, for Appellants.

ERIC T. DEIGHTON, Attorney at Law, for Appellee.