[Cite as *Wells Fargo Bank, N.A. v. Dumm*, 2014-Ohio-3124.]
IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY


WELLS FARGO BANK, N.A.,

                              :

    Plaintiff-Appellee,                    Case No.   13CA5

                              :

   vs.

                              :

BRYAN C. DUMM, et al.,


DECISION AND JUDGMENT ENTRY    :
   Defendants-Appellants.

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:    John Sherrod, Mills, Mills, Fiely & Lucas, L.L.C., 503
                                 South Front Street, Ste. 240, Columbus, Ohio 43215

COUNSEL FOR APPELLEE:     Scott A. King and John B. Kopf III,
                                 Thompson Hine, L.L.P., 41 South High Street, 17th Floor,
                                 Columbus, Ohio 43215

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 7-9-14
PER CURIAM.

{¶ 1}   This is an appeal from an Athens County Common Pleas Court summary

judgment in favor of Wells Fargo Bank, N.A. (Wells Fargo), plaintiff below and appellee herein,

on its claims against Bryan C. Dumm and others[1], defendants below and appellants herein, as

well as on appellant's counterclaim against Wells Fargo.   Appellants assign the following errors

---

[1] The other defendants included the Athens County Treasurer, Mariela M. Dumm, Jane Doe, unknown spouse of Bryan C. Dumm and John Doe, unknown spouse of Mariela M. Dumm.   The latter three had default judgments entered against them and, thus, our references to appellant refer strictly to Bryan C. Dumm.

for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT IN GRANTING APPELLEE WELLS FARGO BANK, NA'S MOTION TO DISMISS APPELLANT'S COUNTERCLAIM."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN GRANTING APPELLEE ANNE NEELY'S MOTION TO DISMISS APPELLANT'S COUNTERCLAIM."

{¶ 2}  On or about July 8, 2003, appellant executed a note to Wells Fargo Home Mortgage, Inc. and promised to repay $119,312.00 in monthly installments for thirty years, together with 5.5% per annum interest.  As security for that note, appellant and his wife executed a mortgage on their Rardin Drive property to Wells Fargo Home Mortgage, Inc. Apparently, Wells Fargo is the successor-in-interest to Wells Fargo Home Mortgage, Inc.

{¶ 3}  In 2009, appellant defaulted on the note.  Although Wells Fargo made efforts to help appellant comply with the instrument's terms, he apparently experienced personal difficulties that impeded the rehabilitation effort.

{¶ 4}  Wells Fargo commenced the instant action and sought foreclosure of the mortgage.  Appellant did not initially respond to the complaint and a default judgment was taken against all defendants, except the Athens County Treasurer.  However, on January 25, 2011, the trial court granted appellant's Civ.R. 60(B) motion for relief from judgment.  Appellant denied all allegations in the complaint and asserted a number of affirmative defenses.  After retaining new counsel, appellant filed an amended answer, together with a twelve count counterclaim against Wells Fargo that asserted a variety of claims against the bank.  Later, the trial court

struck that pleading for having been filed without leave.

**{¶ 5}**   In November 2011 appellant sought, and was granted, leave to file an amended answer and counterclaim.   This time, appellant's counterclaim swelled from twelve claims to fourteen, and was merged with a third-party complaint against Anne Neely (Neely) who is, apparently, a Wells Fargo agent.[2]   It appears, appellants noted, that Neely executed an affidavit in support of Wells Fargo's motion and stated that she had "personal knowledge" of appellant's account.   In appellant's combined counterclaim/third-party complaint, he alleged "this statement was false" and that Wells Fargo used Neely as a "robo-signer."[3]   Appellant sought numerous financial damages, as well as "rescission" of something that was unspecified in the pleading but, presumably, meant the note and mortgage.[4]

**{¶ 6}**   Wells Fargo and Neely both filed Civ.R. 12(B) motions to dismiss the counterclaim/third-party complaint.   The trial court granted Neely's motion, but it does not

---

[2]In addition to the one hundred forty four (144) paragraphs in this pleading, appellant also included five (5) footnotes, a few of which are quite lengthy.     Footnotes in a pleading are a novelty that this Court rarely sees.     We discourage the practice because it runs counter to the twin directives of Civ.R. 8 that claims should be (1) "short and plain," id. at (A), and (2) averments should "be simple, concise, and direct." Id. at (E)(1).     Indeed, appellant's footnotes only serve to complicate the issues at this stage of the proceedings.

[3]   Ohio courts have defined a "robo-signer" as a bank employee who signs a large number of affidavits, for purposes of mortgage foreclosure, without confirming the accuracy of the documents.     See e.g. *Deutsche Bank Natl. Trust Co. V. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶9, fn. 3.

[4]   The "prayer for relief" specifies that appellant wants "rescission" "as described above[.]" However, the only instance we find rescission discussed in this lengthy and highly confusing pleading is Count Six where it asserted a cause of action in rescission.     We remind appellant that rescission is only a remedy to a claim. See e.g. *Watch What Develops Franchise Concepts, Inc. v. Custom 1-Hour Photo, Inc.*, 9th Dist. Summit No. 14592, 1990WL163950 (Oct. 17, 1990); *York v. American Continental Corporation*, 10th Dist. Franklin No. 74AP-535, 1975 WL181380 (May 27, 1975).     Rescission is not a claim or cause of action.

appear to have ruled on Wells Fargo's motion. On July 10, 2012, Wells Fargo filed a motion for summary judgment and argued that no genuine issues of material fact remained in this case and that it was entitled to judgment on the note and foreclosure of its security interest as a matter of law. The arguments Wells Fargo raised, however, addressed appellant's counterclaims only insofar as they could be used as defenses to foreclosure, but did not address the other counterclaims.

{¶ 7} On December 17, 2012, the trial court granted Wells Fargo's motion. In so doing, the court concluded that Wells Fargo is entitled to judgment on the note and the foreclosure of the mortgage. The court, however, did not address the other claims against Wells Fargo in the Counterclaim/Third-Party Complaint. The court entered a "final" judgment on that decision on January 17, 2013 that dismissed the "Counterclaims of Bryan C. Dumm" against Wells Fargo" in their entirety. This appeal followed.

I

{¶ 8} Before we address the merits of the assignments of error, we must first consider a threshold jurisdictional issue that is, unfortunately, made more complicated in view of this case's procedural abyss. The Ohio Constitution grants appellate jurisdiction over trial courts when a final, appealable order exists. *Davison v. Reni*, 115 Ohio App.3d 688, 692, 686 N.E.2d 278 (4th Dist.1996); *Prod. Credit Assn. v. Hedges*, 87 Ohio Ap.3d 207, 210, 621 N.E.2d 1360 (4th Dist.1993); *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501, 617 N.E.2d 701 (4th Dist.1992). If the judgment appealed is not a final order, an appellate court has no jurisdiction to review the judgment and the case must be dismissed.

{¶ 9} In the case sub judice, the judgment appealed appears to contemplate taking

further action, including the sale of the secured premises and distribution of proceeds. Although such actions seem counterintuitive to the notion of finality, Ohio law has held that a judgment that orders the sale of mortgaged land is a final, appealable order in a foreclosure case. See e.g. *Third National Bank of Circleville v. Speakman*, 18 Ohio St.3d 119, 120, 480 N.E.2d 411 (1985); *Oberlin Savings Bank Co. V. Fairchild*, 175 Ohio St. 311, 312, 194 N.E.2d 580 (1963). Because the judgment appealed in the case sub judice ordered a sheriff's sale of the mortgaged property that secured Well's Fargo's note, we agree that it constitutes a final, appealable order.

{¶ 10} If this were the only procedural issue that we must consider, our ruling on the jurisdictional problem would be simple and straightforward. Unfortunately, that is not the case. We believe that another arguable jurisdictional impediment concerns the Athens County Treasurer's counterclaim. The trial court's January 17, 2013 "final" entry incorrectly states that the Treasurer did not enter an appearance when, in fact, the Treasurer answered on May 12, 2010. The failure to note the Treasurer's appearance would have been a meaningless oversight, except for the inclusion of a cross-claim through which the Treasurer asked for both penalties and unpaid taxes to be deemed a first and best lien. Although the trial court's January 17, 2013 entry failed to expressly resolve this cross-claim, it nevertheless called for marshalling of liens and ruled the Treasurer's lien for taxes "superior in priority" to Wells Fargo's mortgage. Thus, even if not expressly resolved, this portion of the trial court's ruling[5] has rendered the

---

[5] The "final" entry of January 17, 2013 described the amount of back taxes as "unascertainable" and left it (presumably) to a confirmation entry following sheriff's sale for determination. We acknowledge that some districts have held that where the amount of the liens due other parties is not determined, there is no final appealable order in a foreclosure action. See cases cited in *Centex Home Equity Co., L.L.C. v. Williams*, 3rd Dist. Hardin No. 6-06-07, 2007-Ohio-902, at ¶17. Although an argument can be made that continual accrual of property taxes is no different than a continual accrual of interest on other liens (e.g., a mortgage), and, thus, the total of back taxes is not entirely undeterminable, we decline to apply these

cross-claim moot.

{¶ 11} In summary, we conclude that the trial court's judgment constitutes a final, appealable order such that we have jurisdiction to consider this case.

II

{¶ 12} Although we conclude that we do indeed have jurisdiction to review this case, we observe that other procedural rules have apparently been ignored. Appellant assigns two errors for our review, although his brief contains one combined argument. This is improper.

{¶ 13} App.R.16(A)(7) requires a separate argument for each error assigned for review. While appellate courts may jointly consider two or more assignments of error, the parties do not have the same option in presenting their arguments. See *State v. McCoy*, 4th Dist. Hocking No. 02CA12, 2002–Ohio–6305, at ¶8, fn. 3; *State v. Nave*, 4th Dist. Meigs No. 01CA3, 2002–Ohio–1594. Appellate courts are thus free to disregard any assignments of error that are not separately argued and we would be within our authority to simply disregard both assignments of error in this case and summarily affirm the judgment. App.R. 12(A)(2). See *Park v. Ambrose*, 85 Ohio App.3d 179, 186, 619 N.E.2d 469 (4th Dist.1993); *State v. Caldwell*, 79 Ohio App.3d 667, 677, 607 N.E.2d 1096, at fn. 3 (4th Dist.1992). However, in the interests of justice we will review appellant's assignments of error to the best of our ability to understand them.

{¶ 14} Additionally, the notice of appeal only references the trial court's January 17, 2013 final judgment. Working backwards, that entry, in turn, referenced the December 17, 2012 decision regarding Wells Fargo's motion for summary judgment. In short, our review of this

---

principles here given that the cross-claim did not ask for a specific amount for back taxes. This is true even though the Treasurer did specify exact amounts for past penalties that she wanted included in the lien against appellant's property.

case is based upon the determination of Wells Fargo's motion for summary judgment, not the motions to dismiss   Wells Fargo filed earlier in the case.

### III

{¶ 15}  With all of this in mind, we now turn, out of order, to appellant's second assignment of error wherein he argues that the trial court erred by granting judgment that dismissed his third-party claim against Neely.

{¶ 16}  When considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a trial court must presume that all of the factual allegations in the complaint are true and must construe all reasonable inferences in favor of the nonmoving party.  *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 961 N.E.2d 181, 2012-Ohio-54, at ¶12; *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 819 N.E.2d 654, 2004-Ohio-6410, at ¶5.   Dismissal is proper if it appears beyond doubt that the non-movant can prove no set of facts that would entitle her to relief.   See *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, at ¶12; *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 816 N.E.2d 1061, 2004-Ohio-5717, at ¶11.   Appellate courts review a dismissal for failure to state a claim de novo.   *Allen v. Bryan*, 4th Dist. No. 12CA15, 2013-Ohio-1917, at ¶7; *Bartley v. Hearth & Care of Greenfield, L.L.C.*, 4th Dist. No. 12CA13, 2013-Ohio-279, at ¶11.   In other words, appellate courts afford no deference to a trial court decision and apply their own, independent review to determine if the Civ.R. 12(B)(6) requirements have been satisfied.   *McDill v. Sunbridge Care Ents., Inc.*, 4th Dist. No. 12CA8, 2013-Ohio-1618. at ¶10.

{¶ 17}  First, in the case sub judice the trial court aptly noted in its June 5, 2012 judgment

that dismissed Neely from the case that appellant did not oppose her motion, as he did to the same motion that Wells Fargo filed. The trial court may have simply concluded that appellant abandoned what appears to be a tenuous claim, and thus granted Neely's motion without further discussion. This is particularly true in light of the fact that appellant's pleading combined both the counterclaim and third-party claim into one, long set of allegations that make it difficult to understand.

{¶ 18} Even on the merits, however, and even applying a de novo standard of review, we believe that the trial court correctly decided the issue. Of the one hundred and forty four (144) paragraphs of the allegations that comprise the intertwined counterclaim and third party claim, Neely's name appears in paragraphs twenty three (23), twenty eight through thirty (28-30), and ninety one through ninety four (91-94).[6] All of these allegations revolve around her alleged robo-signing the affidavit that Wells Fargo used in its motion for default judgment.

{¶ 19} Assuming that all of the allegations of the third party claim are true, as we must for purposes of Civ.R. 12(B)(6), and that Neely (1) is a robo-signer, and (2) had no personal knowledge of the loan documents and even acted fraudulently, the fact remains the trial court granted appellant Civ.R. 60(B) relief from the default judgment. Thus, appellant appears to have suffered no harm or prejudice as a result of any arguable malfeasance on her part. Appellant also fails to point out any further action that Neely had in these proceedings. When there is no injury, there can be no claim for relief.

---

[6] Mathematically speaking, Neely is mentioned in only 0.05% of the allegations in appellant's various counter and third-party claims.

{¶ 20} In her Civ.R. 12(B)(6) motion, Neely cited a number of reasons for the dismissal of appellant's third party claim. Our decision on the absence of any legally cognizable claims is sufficient for us to sustain the court's decision to grant that motion, and we need not address all her other arguments.

{¶ 21} Thus, we hereby overrule appellant's second assignment of error.

IV

{¶ 22} We now turn to appellant's first assignment of error wherein he asserts that the trial court erred by dismissing (or, more appropriately, in granting summary judgment) his counterclaims against Wells Fargo. We agree with appellant, albeit to a more limited extent than appellant argues in his brief.

{¶ 23} In the case sub judice, the judgment appealed is the trial court's January 17, 2013 "final" entry. Again, working backward, that entry references the trial court's December 17, 2012 decision (or judgment entry) that ruled on Well's Fargo's motion for summary judgment. That motion, filed July 10, 2012, sought summary judgment on Wells Fargo's claims for the default of appellant's note and foreclosure of the mortgage. However, Wells Fargo did not seek summary judgment on the civil claims that appellant appears to have asserted against Wells Fargo in the remaining allegations of the counterclaim.

{¶ 24} We hasten to add that we are not unsympathetic to the trial court on this issue. Those other claims are difficult to understand. However, appellant's prayer for relief in the amended counterclaim/third-party claim makes clear that he is seeking relief from Wells Fargo

separate and apart from any claim on the note and mortgage.[7]   To this extent, we find the first

assignment has merit.

{¶ 25} However, regarding appellant's arguments that the trial court erred by granting

summary judgment to Wells Fargo on the note and mortgage, we come to a different conclusion.

Unfortunately, we also observe that the combination of arguments for appellant's assignments of

error are as difficult to understand as his combined counterclaim/third-party claim.

{¶ 26} The pivotal question, as the trial court aptly noted, is whether any of the multitude

of actions appellant asserted in his counterclaim are sufficient to prevent Wells Fargo from going

forward with judgment on the note and the foreclosure of the mortgage.   The trial court

concluded they were not.   For the following reasons, we agree that summary judgment for Wells

Fargo is appropriate.

{¶ 27} Appellate courts review summary judgments de novo.   *Sutton Funding, L.L.C. v.*

*Herres*, 188 Ohio App.3d 686, 2010-Ohio-3645, 936 N.E.2d 574, at ¶59; *Broadnax v. Greene*

*Credit Service*, 118 Ohio App.3d 881, 887, 694 N.E.2d 167 (2nd Dist. 1997).   In other words,

appellate courts afford no deference whatsoever to a trial court decision, see *Sampson v.*

*Cuyahoga Metro. Hous. Auth.*, 188 Ohio App.3d 250, 935 N.E.2d 98, 2010-Ohio-3415, at ¶19;

*Kalan v. Fox*, 187 Ohio App.3d 687, 933 N.E.2d 337, 2010-Ohio-2951, at ¶13, and conduct their

own, independent review to determine whether summary judgment is appropriate.   *Woods v.*

*Dutta*, 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18 (4th Dist. 1997); *McGee v. Goodyear*

---

[7] Because of the poorly pled averments in appellant's joint counterclaim/third-party claim, we have no idea what these other claims are and leave it to the parties to sort it out on remand.    Surely, since the 1970 adoption of the Ohio Rules of Civil Procedure , few cases have so desperately cried out for a Civ.R. 12(E) motion for more definite statement.

*Atomic Corp.*, 103 Ohio App.3d 236, 241, 659 N.E.2d 317 (4th Dist. 1995).

**{¶ 28}** Summary judgment under Civ. R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exists, (2) it is entitled to judgment as a matter of law, and (3) after the evidence is construed most strongly in favor of the non-movant, reasonable minds can come to one conclusion and that conclusion is adverse to the non-moving party. See *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, at ¶103; *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party bears the initial burden to show that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997); *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). If that burden is satisfied, the onus shifts to the non-moving party to provide rebuttal evidentiary materials. See *Trout v. Parker*, 72 Ohio App.3d 720, 723, 595 N.E.2d 1015 (4th Dist. 1991); *Campco Distributors, Inc. v.. Fries*, 42 Ohio App.3d 200, 201, 537 N.E.2d 661 (2nd Dist. 1987).

**{¶ 29}** With this standard in mind, we note that Wells Fargo's motion for summary judgment included an affidavit by Beverly DeCaro,[8] who attested that she is (1) a vice president of "Loan Documentation" for Wells Fargo, (2) could verify the note and mortgage, and (3) the note and mortgage at issue herein were "in default[.]" This is sufficient for Wells Fargo to carry its initial burden on summary judgment. Therefore, the burden shifted to appellant to show that Wells Fargo is not entitled to judgment and foreclosure of its security interest.

---

[8] We note that although most of our criticism has been directed toward appellant for having made this case needlessly complicated, Wells Fargo's motion for summary judgment labels exhibits both with numbers and letters that also make it very difficult to pinpoint the precise parts of that motion that it cites to support its arguments.

{¶ 30} Appellant did not contest that he was in default of payment on the note and mortgage. Instead, when opposing summary judgment, he argued that Wells Fargo had not complied with 24 C.F.R. § 203.604. Those regulations provide, inter alia:

"(b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced, or at least 30 days before assignment is requested if the mortgage is insured on Hawaiian home land pursuant to section 247 or Indian land pursuant to section 248 or if assignment is requested under § 203.350(d) for mortgages authorized by section 203(q) of the National Housing Act.

(c) A face-to-face meeting is not required if:

(1) The mortgagor does not reside in the mortgaged property,

(2) The mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either,

(3) The mortgagor has clearly indicated that he will not cooperate in the interview,

(4) A repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or

(5) A reasonable effort to arrange a meeting is unsuccessful." (Emphasis added.)

{¶ 31} Appellant argues that Wells Fargo is in default of the federal regulatory provision and did not afford him an opportunity for a face-to-face meeting before it commenced the instant action. Indeed, in his affidavit contra summary judgment, he states "I would have jumped at the opportunity" to have had such a face-to-face meeting with federal regulators. We, however, are not persuaded that any merit exists to this defense.

{¶ 32} First, appellant has not convinced us that compliance with this regulation is a

necessary condition precedent before foreclosure on the mortgage.   This is an issue that various

Ohio courts have considered, but the Ohio Supreme Court has not yet considered the issue.   The

appellate courts that have addressed this issue have arrived at different conclusions. *Liberty Savs.*

*Bank, F.S.B. v. Bowie*, 9th Dist. Summit No. 27126, 2014-Ohio-1208, at ¶12.   For example, the

Montgomery County Court of Appeals ruled that compliance with the aforementioned regulation

is not a condition precedent to foreclosure.   See *Wells Fargo Bank, N.A. v. Goebel*, 2nd Dist.

Montgomery No. No. 25745, 2014- Ohio-472, ¶27.   However, the Mahoning County Court of

Appeals came to the opposite conclusion.   See *PNC Mtge. v. Garland*, 7th Dist. Mahoning No.

12 MA 222, 2014-Ohio-1173, at ¶¶27&29.[9]   Fortunately, we need not weigh into this conflict.

{¶ 33} However, even if we assume, arguendo, that compliance with 24 C.F.R. §203.604

is a necessary prerequisite to completing the foreclosure, we note that Beverly DeCaro's affidavit

states:

> "I am familiar with and have access to records showing where Wells Fargo
> maintains its offices.   Wells Fargo does not have within 200 miles of 121 Lamar
> Street, Athens, Ohio 45701 a branch office with personnel trained in debt
> collection under HUD's Loan Mitigation Program."

{¶ 34} By the same token, appellant's affidavit in opposition to summary judgment

responded that "[t]here are at least 5 'Wells Fargo Home Mortgage' locations within 100 miles of

my address."   In instances in which summary judgment boils down to which affidavit (or

evidence) is the most credible, summary judgment should be denied and the issue should be left

---

[9] A similar conflict seems to dominate the nation as well.    On the one hand, some courts have held that compliance with the regulation is not a condition precedent to foreclosure, see *Soto v. Wells Fargo Bank, N.A.*, E.D.Mich. No. 11–14064, 2012 WL 11353 (Jan. 13, 2012), while others have come to a different conclusion. See *Pfeifer v. Countrywide Home Loans, Inc.*, 150 Cal.Rptr.3d 673, 698 (Cal.App.1, 2012).    Obviously, additional guidance on this particular issue would be appreciated.

for the trier of fact to decide.   This, however, is not such an instance.

{¶ 35}  Affidavits in support of, or in opposition to, summary judgment must be based on personal knowledge. See Civ.R. 56(E); also see generally *JPMorgan Chase Bank, Natl. Assn. v. Fallon*, 4th Dist. Pickaway No. 13CA3, 2014-Ohio-525, at ¶¶16-17; *Fifth Third Mtge. Co. v. Perry*, 4th Dist. Pickaway No. 12CA13, 2013-Ohio-3308, at ¶¶37-38.   The DeCaro affidavit states that she is familiar with Wells Fargo, its corporate structure and knows that no person within "200 miles" of appellant's location is qualified to have a "face to face" meeting. Appellant, on the other hand, submits an affidavit that gives no indication whatsoever of how he has knowledge of the Wells Fargo office, and simply states that five Wells Fargo locations are within "100 miles" of his residence.   He neglects to mention (1) the location of these offices, (2) how he knows of their location, and (3) whether they are staffed with personnel knowledgeable to conduct a review of his mortgage and its problems.   In short, appellant's affidavit is insufficient to rebut the DeCaro affidavit.

{¶ 36}  Simply put, without deciding the actual reach of 24 C.F.R. §203.604, we agree that appellant did not meet his burden of rebuttal to show that no genuine issue of fact exists in this instance and that Wells Fargo is entitled to judgment and foreclosure of its note and mortgage as a matter of law.   Therefore, the trial court's judgment on this issue is sustained to this extent.

{¶ 37}  Having partially sustained the first assignment of error, we hereby affirm the trial court's judgment in part, reverse the judgment in part, and remand the case sub judice for further proceedings on whatever civil claims appellant asserted against Wells Fargo, separate and distinct from judgment on the note and foreclosure on the mortgage.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART AND CASE
REMANDED FOR FURTHER
PROCEEDINGS CONSISTENT WITH
THIS OPINION.

Hoover, J.:

{¶ 38} I respectfully concur in part and dissent in part.

{¶ 39} In *Wells Fargo v. Phillabaum*, 192 Ohio App.3d 712, 2011-Ohio-1311, 950 N.E.2d 245 (4th Dist.), this Court affirmed the judgment of the trial court that granted the borrowers summary judgment in a foreclosure action. This Court found that the bank did not comply with all pertinent HUD regulations before it initiated the foreclosure process. *Id*. at ¶ 9. The pertinent federal regulation at issue was Title 24, C.F.R. 203.604(b), which requires a "face-to-face" interview between a mortgagor and mortgagee before three full monthly installments on the mortgage are unpaid. *Id.* at ¶ 11. Wells Fargo did not conduct the meeting. *Id*. The borrower's affidavit in support of his cross-motion for summary judgment stated, "Wells Fargo has at least one branch office within 200 miles of my home," but it further asserted that the borrower had visited that office at least once. Id. A particular address of the branch office was not mentioned in the opinion.

{¶ 40} In the case sub judice, appellant Dumm states that "[t]here are at least 5 'Wells

Fargo Home Mortgage' locations within 100 miles of my address." The principal opinion, however, finds that appellant's affidavit is insufficient to rebut the bank's affidavit because the appellant neglects to mention the location of the offices, how he knows of their locations, and whether they are staffed with personnel knowledgeable to conduct a review of appellant's mortgage and its problems.

{¶ 41} I would find that appellant's assertion that "[t]here are at least 5 'Wells Fargo Home Mortgage' locations within 100 miles of my address" raises a genuine issue of material fact to rebut the DeCaro affidavit. It seems strange that appellant would make the assertion using the number "5" for the Wells Fargo locations without knowing the location of at least one of the five.[10]

{¶ 42} I would reverse the judgment of the trial court with respect to the trial court's granting of summary judgment in favor of Wells Fargo Bank, N.A.

{¶ 43} I concur in the remainder of the principal opinion.

---

[10]

Utilizing an internet search engine demonstrates that there is a Wells Fargo Mortgage office at 50 W. Union Street, Athens, Ohio. Wells Fargo Advisors is located at 162 W. Union Street, Athens, Ohio. According to the yellow pages, another Wells Fargo Advisors is located at 417 Grand Park Dr. Ste. 102, Parkersburg, WV 26105 (40 miles away); Wells Fargo Mortgage is located at 482 5th Street, Parkersburg, WV (41 miles away); Wells Fargo Home Mortgage is located at 900 Grand Central Ave., Vienna, WV (40.7 miles away); and Wells Fargo Financial is located at 1100 9th St., Ste. H, Vienna, WV (40.7 miles). It appears that there are indeed "at least five locations within 100 miles" as stated in appellant's affidavit.

[Cite as *Wells Fargo Bank, N.A. v. Dumm*, 2014-Ohio-3124.]

JUDGMENT ENTRY

It is ordered the judgment be affirmed in part, reversed in part, and the case be remanded for further proceedings consistent with this opinion.   The parties shall equally share the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.: Concur in Judgment & Opinion
Hoover, J.: Concurs in part & Dissents in part with Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

BY:_____
Matthew W. McFarland, Judge

BY:_____
Marie Hoover, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.