WEBBER, APPELLANT, *v.* KELLY, WARDEN, APPELLEE.

[Cite as *Webber v. Kelly*, 120 Ohio St.3d 440, 2008-Ohio-6695.]

*To reverse a judgment of a trial court on the weight of the evidence when the judgment results from a trial by jury, all three judges on the court of appeals panel must concur — A party is not permitted to take advantage of an error that he himself invited — Court of appeals' judgment dismissing habeas corpus petition affirmed.*

(No. 2008-1426 ─ Submitted December 17, 2008 ─ Decided December 24, 2008.)

APPEAL from the Court of Appeals for Trumbull County,
No. 2008-T-0025, 2008-Ohio-3061.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a habeas corpus petition. Because the petition failed to state a viable habeas corpus claim, we affirm.

**Conviction and Appeal**

{¶ 2} Following a jury trial, appellant, Danny J. Webber, was convicted of felonious assault, assault, and failure to comply with an order of a police officer and was sentenced to an aggregate term of 13 years in prison. On appeal, the court of appeals affirmed the convictions and sentence. *State v. Webber* (Aug. 23, 2000), Medina App. No. CA3001-M, 2000 WL 1197025. In his appeal, Webber argued that his conviction was against the manifest weight of the evidence. Id. at *5. Although two of the three judges on the appellate panel agreed with Webber's claim insofar as it related to his felonious-assault conviction, the court of appeals overruled Webber's manifest-weight claim and

affirmed the judgment of the trial court based on Section 3(B)(3), Article IV of the Ohio Constitution (prohibiting reversal of a jury verdict on weight of the evidence unless all three appellate judges agree). Id. at *5-7. We denied Webber's subsequent motion for leave to file a delayed appeal from the court of appeals judgment. *State v. Webber* (2001), 91 Ohio St.3d 1512, 746 N.E.2d 614.

### Habeas Corpus Case

{¶ 3} In 2008, Webber filed a petition in the Court of Appeals for Trumbull County for a writ of habeas corpus to compel his release from prison. Webber claimed that the court of appeals in his previous appeal had erred and that only a majority of the panel was required to reverse his felonious-assault conviction based on insufficient evidence. Appellee, Trumbull Correctional Institution Warden Benny Kelly, filed a motion to dismiss for failure to state a claim upon which relief can be granted. The court of appeals granted the warden's motion and dismissed the petition.

### Appeal

{¶ 4} In his appeal as of right, Webber asserts that the court of appeals erred in dismissing his petition. Webber claims that his petition stated a viable habeas corpus claim because there was insufficient evidence to support his conviction for felonious assault and that the court of appeals in his previous appeal erred in failing to treat his claim as a sufficiency-of-the-evidence claim and in failing to reverse his conviction for felonious assault when a majority of the appellate judges on the panel agreed with his assignment of error.

{¶ 5} For the following reasons, the court of appeals did not err in dismissing Webber's petition.

{¶ 6} First, the court of appeals in Webber's previous appeal correctly held that under Section 3(B)(3), Article IV of the Ohio Constitution, the court could not reverse Webber's felonious-assault conviction on the weight of the evidence without the unanimous consent of all three judges on the panel. "To

reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, paragraph four of the syllabus; see also *Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198, ¶ 2.

{¶ 7} Second, notwithstanding Webber's claims to the contrary, his assignment of error in his previous appeal expressly raised a manifest-weight-of-the-evidence instead of a sufficiency-of-the-evidence claim. *Webber*, Medina App. No. CA3001-M, 2000 WL 1197025, at *5. Therefore, any error by the court of appeals in treating the claim as a manifest-weight claim was invited by Webber. "[A] party is not permitted to take advantage of an error that he himself invited or induced the court to make." See *Davis v. Wolfe* (2001), 92 Ohio St.3d 549, 552, 751 N.E.2d 1051.

{¶ 8} Third, in general, "habeas corpus is not available to remedy claims concerning * * * the sufficiency of the evidence." *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4.

{¶ 9} Finally, Webber had an adequate remedy by way of appeal to this court from any error committed by the court of appeals in his previous appeal. The mere fact that Webber's attempt to appeal to this court failed when his motion for leave to file a delayed appeal was denied does not entitle him to the requested extraordinary relief in habeas corpus. *Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 6.

{¶ 10} Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Danny J. Webber, pro se.

Nancy Hardin Rogers, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.

_____