THE STATE EX REL. BELL, APPELLANT, *v.* PFEIFFER,

JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54.]

*Judicial notice—Objection to magistrate's decision constitutes sufficient opportunity to be heard—Prohibition—Improper assignment of judge not cognizable in prohibition.*

(No. 2011-1242—Submitted January 3, 2012—Decided January 12, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 10AP-490, 2011-Ohio-2539.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of prohibition to prevent a judge, a magistrate, and certain attorneys and entities from proceeding in a case. Because the prohibition action lacks merit, we affirm.

**Facts**

*Madison Cty. Bd. of Commrs. v. Bell*

{¶ 2} In February 2003, the Madison County Board of Commissioners filed an appropriation action in the Madison County Court of Common Pleas against appellant, Greg A. Bell, and his wife, Marcia C. Bell, according to the subsequent opinion of the court of appeals in the case, *Madison Cty. Bd. of Commrs. v. Bell*, 12th Dist. No. CA2005-09-036, 2007-Ohio-1373, 2007 WL 879627. In August 2005, the common pleas court entered judgment upon a jury's finding that the board of commissioners was entitled to an easement on the Bells' property and that the Bells were not entitled to any compensation for the easement.

**{¶ 3}** The Twelfth District Court of Appeals affirmed the judgment. Id. We did not accept the Bells' discretionary appeal for review. *Madison Cty. Bd. of Commrs. v. Bell*, 114 Ohio St.3d 1512, 2007-Ohio-4285, 872 N.E.2d 953.

*Bell v. Nichols*

**{¶ 4}** According to Greg Bell's complaint in the prohibition case now on appeal, in April 2008, the Bells filed a civil action against various defendants in the Franklin County Court of Common Pleas. The defendants included the Madison County Board of Commissioners, Madison County Common Pleas Court Judge Robert D. Nichols, and the County Risk Sharing Authority, Inc. ("CORSA")—an Ohio nonprofit corporation operating a county government joint self-insurance pool. Attorneys Timothy S. Rankin and Craig J. Spadafore represented the board of commissioners and certain other Madison County defendants, and CORSA paid the legal fees to the attorneys for their representation. Attorneys Linda L. Woeber and Lisa M. Zaring represented Judge Nichols, and their legal fees were paid by Columbia Casualty Company ("Columbia"), a private insurance company.

**{¶ 5}** In July 2008, Judge John P. Bessey recused himself from the case, and the administrative judge of the common pleas court transferred the case to Judge Beverly Y. Pfeiffer.

**{¶ 6}** In April 2009, the common pleas court entered judgment in favor of the defendants. The court determined that res judicata barred the Bells' action challenging the Madison County Common Pleas Court's judgment in *Madison Cty. Bd. of Commrs*. On appeal, the Tenth District Court of Appeals affirmed. *Bell v. Nichols*, 10th Dist. No. 09AP-438, 2009-Ohio-4851, 2009 WL 2942577. We did not accept the Bells' discretionary appeal. *Bell v. Nichols*, 124 Ohio St.3d 1445, 2010-Ohio-188, 920 N.E.2d 375.

**{¶ 7}** In February 2010, several of the defendants filed a joint motion to reactivate the case so that the court could address their motion for sanctions.

2

Judge Pfeiffer reactivated the case, which had previously been stayed due to the Bells' appeal, and referred the motion for sanctions to Magistrate Edwin L. Skeens.

## Prohibition Case

{¶ 8} In May 2010, appellant, Greg A. Bell, filed a complaint in the Tenth District Court of Appeals against appellees, Judge Pfeiffer, Magistrate Skeens, attorneys Rankin, Spadafore, Woeber, and Zaring, CORSA, and Columbia. Bell sought a writ of prohibition (1) to prevent Judge Pfeiffer and Magistrate Skeens from issuing any further orders in *Bell v. Nichols*, (2) to stop attorneys Rankin, Spadafore, Woeber, and Zaring from filing any further proceedings on behalf of the Madison County Board of Commissioners or any Madison County employee in *Bell v. Nichols* until they complied with the applicable legal requirements for representation, and (3) to prevent CORSA and Columbia from usurping the authority of the Madison County Board of Commissioners in appointing legal counsel to represent the Madison County defendants in *Bell v. Nichols*. Appellees filed motions to dismiss.

{¶ 9} The court of appeals magistrate issued a decision recommending that the court grant appellees' motions to dismiss Bell's complaint for a writ of prohibition. Bell submitted objections to the magistrate's decision, and in June 2011, the court of appeals overruled the objections, adopted the magistrate's decision with additional clarification and reasoning, and denied the writ.

{¶ 10} This cause is now before the court upon Bell's appeal as of right.

## Legal Analysis

### Civ.R. 12(B)(6) Standard

{¶ 11} In his appeal as of right, Bell asserts that the court of appeals erred by failing to apply the proper standard of review in determining appellees' Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted.

**{¶ 12}** Dismissal of Bell's prohibition complaint under Civ.R. 12(B)(6) was appropriate if, after all factual allegations of the complaint were presumed true and all reasonable inferences were made in his favor, it appeared beyond doubt that he could prove no set of facts entitling him to the requested writ of prohibition. *State ex rel. DeGroot v. Tilsley*, 128 Ohio St.3d 311, 2011-Ohio-231, 943 N.E.2d 1018, ¶ 5; *State ex rel. CNG Financial Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, 855 N.E.2d 473, ¶ 13.

**{¶ 13}** Notwithstanding Bell's argument, the court of appeals magistrate cited the correct standard of review in her decision, which was later adopted by the court.

Opportunity to Be Heard

**{¶ 14}** Bell claims that he was denied due process of law because the court of appeals ignored his timely request to be heard on the propriety of taking judicial notice of the facts in the underlying *Bell v. Nichols* case as well as the facts in *Madison Cty. Bd. of Commrs. v. Bell*, the Madison County appropriation case that Bell and his wife sought to contest in *Bell v. Nichols*.

**{¶ 15}** "A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Evid.R. 201(E). Bell was given the opportunity to be heard on this issue when he raised it in his objections to the magistrate's decision. No oral hearing was required. See *Davenport v. Big Brothers & Big Sisters of the Greater Miami Valley, Inc.*, 2d Dist. No. 23659, 2010-Ohio-2503, 2010 WL 2225362, ¶ 26 (party requesting judicial notice was heard on the propriety of judicial notice through written briefs); cf. *State v. Raymond*, 10th Dist. No. 08AP-78, 2008-Ohio-6814, 2008 WL 5381816, ¶ 20 (defendant may file supplemental brief to take judicial notice of fact at appellate level).

**{¶ 16}** Moreover, as the court of appeals concluded, because Bell acknowledged that the *Bell v. Nichols* case must be reviewed in the context of his

4

prohibition case and that case directly challenged the *Madison Cty. Bd. of Commrs. v. Bell* Madison County appropriation case, Bell waived his objection to the findings of fact that related to those cases because he had invited any error in the court of appeals considering the prior litigation. " '[A] party is not permitted to take advantage of an error that he himself invited or induced the court to make.' " *Webber v. Kelly*, 120 Ohio St.3d 440, 2008-Ohio-6695, 900 N.E.2d 175, ¶ 7, quoting *Davis v. Wolfe* (2001), 92 Ohio St.3d 549, 552, 751 N.E.2d 1051.

{¶ 17} Therefore, Bell's claim lacks merit.

Prohibition—Judicial Appellees

{¶ 18} Bell next contends that the court of appeals erred in dismissing his prohibition claim against Judge Pfeiffer and Magistrate Skeens. To be entitled to the requested writ of prohibition, Bell had to establish that the judge and magistrate were about to exercise judicial or quasi-judicial power, the exercise of that power was unauthorized by law, and denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶ 7. The judge and magistrate were exercising judicial power in the underlying case of *Bell v. Nichols* by considering appellees' motion for sanctions.

{¶ 19} For the remaining requirements, without a patent and unambiguous lack of jurisdiction, a court possessed of general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal. *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2.

{¶ 20} Bell argues that because Judge Pfeiffer was improperly assigned to preside over the *Bell v. Nichols* case when Judge Bessey recused himself, she and the magistrate patently and unambiguously lacked jurisdiction to proceed in the case. A claim of improper assignment of a judge, however, cannot be cured in an extraordinary-writ action, and the party raising the claim has an adequate remedy

by appeal. *State ex rel. Hamilton Cty. Bd. of Commrs. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 111, 2010-Ohio-2467, 931 N.E.2d 98, ¶ 36; *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 14. The common pleas court has subject-matter jurisdiction over the *Bell v. Nichols* case, including appellees' motion for sanctions, so any meritorious challenge to whether a particular judge or magistrate of the common pleas court could rule in the case would merely make any judgment in that case voidable and thus subject to remedy by appeal rather than extraordinary writ. See *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 10-16.

{¶ 21} Therefore, Bell's prohibition claim against Judge Pfeiffer and Magistrate Skeens lacks merit.

Prohibition—Nonjudicial Appellees

{¶ 22} Finally, Bell asserts that the court of appeals erred in rejecting his prohibition claim against the nonjudicial appellees—attorneys Rankin, Spadafore, Woeber, and Zaring, and CORSA and Columbia.

{¶ 23} Bell's claim lacks merit because none of these appellees exercised judicial or quasi-judicial power. That is, Bell did not allege that any statute or other applicable law authorized these nonjudicial appellees to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial when the attorneys represented the Madison County defendants in *Bell v. Nichols* and CORSA and Columbia paid the attorneys for the representation. *State ex rel. Janosek v. Cuyahoga Support Enforcement Agency*, 123 Ohio St.3d 126, 2009-Ohio-4692, 914 N.E.2d 404, ¶ 1.

**Conclusion**

{¶ 24} The court of appeals did not err in denying Bell's request for extraordinary relief in prohibition. It appeared beyond doubt from his complaint that he could prove no set of facts entitling him to the requested writ of

prohibition. Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Phillip Wayne Cramer, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and A. Paul Theis, Assistant Prosecuting Attorney, for appellees Judge Beverly Pfeiffer and Magistrate Edwin Skeens.

Onda, LaBuhn, Rankin & Boggs Co., L.P.A., and Timothy S. Rankin, for appellees County Risk Sharing Authority, Inc., Timothy S. Rankin, and Craig J. Spadafore.

Montgomery, Rennie & Jonson, Linda L. Woeber, and Lisa M. Zaring, for appellees Linda L. Woeber, Lisa M. Zaring, and Columbia Casualty Agency.

_____