[Cite as *State ex rel. Nickleson v. Mayberry,* 131 Ohio St.3d 416, 2012-Ohio-1300.]

STATE EX REL. NICKLESON, APPELLANT, *v.* MAYBERRY, JUDGE, APPELLEE.

[Cite as *State ex rel. Nickleson v. Mayberry,*

131 Ohio St.3d 416, 2012-Ohio-1300.]

*Court of appeals' judgment dismissing complaint for writ of mandamus affirmed.*

(No. 2011-1780—Submitted March 21, 2012—Decided March 29, 2012.)

APPEAL from the Court of Appeals for Wood County,

No. WD-11-039, 2011-Ohio-4494.

_____

**Per Curiam.**

{¶ 1} We affirm the court of appeals' judgment dismissing the complaint of appellant, Roland Nickleson, for a writ of mandamus to compel appellee, Wood County Court of Common Pleas Judge Alan Mayberry, to issue a final, appealable order in his criminal case. Notwithstanding Nickleson's claims, his sentencing entry was a final, appealable order because it contained a full resolution of all the counts of his indictment for which there were convictions. *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2; *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 2-3.

{¶ 2} Moreover, Nickleson has or had an adequate remedy by appeal from his sentencing entry to raise his other claims contesting the validity of the indictment, the propriety of the jury instructions, and the sufficiency of the evidence supporting his convictions. *State ex rel. Simpson v. Cooper*, 120 Ohio St.3d 297, 2008-Ohio-6110, 898 N.E.2d 936, ¶ 6 (mandamus petitioner had adequate remedy at law by direct appeal to raise his challenge to the validity or sufficiency of his indictment); *Smith v. Mitchell*, 80 Ohio St.3d 624, 625, 687 N.E.2d 749 (1998) (habeas corpus petitioner had adequate remedy at law by direct

appeal to raise his claim of erroneous jury instructions); *Webber v. Kelly*, 120 Ohio St.3d 440, 2008-Ohio-6695, 900 N.E.2d 175, ¶ 7-9 (habeas corpus petitioner had adequate remedy at law by direct appeal to raise his claim concerning the sufficiency of the evidence); *State ex rel. Voleck v. Powhatan Point*, 127 Ohio St.3d 299, 2010-Ohio-5679, 939 N.E.2d 819, ¶ 7 ("Mandamus will not issue when the relators have an adequate remedy in the ordinary course of law"); R.C. 2731.05.

**{¶ 3}** Finally, we deny appellant's S.Ct.Prac.R. 6.7(B) request to accept his statement of facts and issues as correct and reverse the judgment, because his brief does not reasonably appear to sustain reversal.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Roland Nickleson, pro se.

_____