THE STATE EX REL. BLANTON, APPELLANT, *v.* HANY, JUDGE, APPELLEE.

[Cite as *State ex rel. Blanton v. Hany,* 133 Ohio St.3d 120, 2012-Ohio-4195.]

*Appeal from denial of writ of mandamus—Judgment affirmed.*

(No. 2012-0719—Submitted September 12, 2012—Decided September 18, 2012.)

APPEAL from the Court of Appeals for Ottawa County,

No. OT-12-005, 2012-Ohio-1099.

_____

**Per Curiam.**

{¶ 1}   We affirm the judgment of the court of appeals denying the request of appellant, Kyle W. Blanton, for a writ of mandamus. Blanton asked that appellee, Ottawa County Municipal Court Judge Frederick C. Hany II, be ordered to vacate his judgment dismissing a misdemeanor case against Blanton. The dismissal allowed the state to seek a felony indictment against him. Blanton also seeks a hearing to consider Blanton's "counterclaim" against dismissal. Blanton appealed the dismissal of the municipal court case. The appeal was dismissed but has been reinstated.

{¶ 2}   Blanton had an adequate legal remedy by way of his reinstated appeal from the judgment dismissing his case. Mandamus will not issue when the relator has an adequate remedy in the ordinary course of law. R.C. 2731.05; *see also State ex rel. Nickleson v. Mayberry*, 131 Ohio St.3d 416, 2012-Ohio-1300, 965 N.E.2d 1000, ¶ 2; *State v. Sweet*, 72 Ohio St.3d 375, 376, 650 N.E.2d 450 (1995) (defendant could have raised on appeal the allegation that appellate counsel was ineffective for failing to raise trial court's violation of Crim.R. 48(A) in dismissing indictments). Insofar as he additionally claims that Judge Hany failed to comply with Crim.R. 12(F) by failing to state his findings in determining the motion, this contention is "regularly addressed on appeal." *State ex rel. Ross*

*v. State*, 102 Ohio St.3d 73, 2004-Ohio-1827, 806 N.E.2d 553, ¶ 5. And " 'even if these [alternate] remedies are no longer available to [defendant], he is not thereby entitled to an extraordinary writ.' " *Id.* at ¶ 6, quoting *Jackson v. Wilson*, 100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 9.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Kyle W. Blanton, pro se.

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and Andrew M. Bigler, Assistant Prosecuting Attorney, for appellee.

_____