Per Curiam.
{¶ 1} We affirm the Seventh District Court of Appeals’ dismissal of the petition for a writ of habeas corpus filed by petitioner-appellant, Damon Robinson, against respondent-appellee, Warden Michele Miller.
{¶ 2} According to Robinson’s petition and the documents attached to it, Robinson was sentenced by the Franklin County Court of Common Pleas in 1995 to a prison term of 7 to 25 years for one count of felonious assault on a police officer. After being released on parole, he pleaded guilty in 2011 to resisting arrest, was given a three-year suspended sentence, and was placed on community control. Robinson alleges that under his plea agreement, he was ordered to participate in a community-based-correctional-facility program (“CBCF program”) and that he was told by his parole officer that his 1995 case would be terminated upon his completion of the CBCF program. He asserts that he completed the program in February 2013 and that he was told by his parole officer that he was “done with” his 1995 case.
{¶3} In 2013, Robinson stipulated to a violation of his community-control sanctions and was ordered to serve the three-year sentence for the 2011 resisting-arrest conviction. In February 2015, after, Robinson alleges, he had completed his resisting-arrest sentence, the Ohio Parole Board found that Robinson had violated his parole for the 1995 sentence and imposed an additional three-year term of confinement on that basis without first holding a revocation hearing.
{¶ 4} Robinson filed this action in habeas corpus in the Seventh District, claiming that the board did not have authority to extend his incarceration, because he had been given a final release from his 1995 conviction.
(¶ 5} The court of appeals dismissed the action because Robinson failed to attach all his commitment papers to his petition, as required by R.C. 2725.04(D), and failure to do so requires dismissal, see, e.g., Fugett v. Turner, 140 Ohio St.3d 1, 2014-Ohio-1934, 14 N.E.3d 984, ¶ 2 (failure to attach all commitment papers *430 “renders the petition fatally defective and subject to dismissal”). The court of appeals stated that Robinson had failed to attach the judgment entries from his 1995 and 2011 convictions.
{¶ 6} Robinson asserts in this court that he did attach all his commitment' papers to his petition in the court of appeals but the clerk of court lost the papers. He requests leave to supplement the record with these documents, although he does not attach to the motion copies of all his judgment entries. However, we dismiss the motion as moot, as we affirm on another ground.
{¶ 7} We affirm the court of appeals’ dismissal because, although Robinson filed an affidavit of indigency, he failed to attach a certified account statement of his inmate balance for the six months preceding the filing of his action. R.C. 2969.25(C)(1) requires that inmates filing civil actions in forma pauperis submit with their complaint an affidavit of indigency and “[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier.” The requirements of R.C. 2969.25 “ ‘are mandatory, and failure to comply with them subjects an inmate’s action to dismissal.’ ” Hazel v. Knab, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶ 1, quoting State ex rel. White v. Bechtel, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.
{¶ 8} Accordingly, we affirm the judgment of the court of appeals.
Judgment affirmed.
O’Donnell, Lanzinger, Kennedy, and French, JJ., concur.
O’Connor, C.J., dissents.
O’Neill, J., dissents, with an opinion joined by Pfeifer, J.