[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Wainwright,* Slip Opinion No. 2019-Ohio-2853.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-2853

THE STATE EX REL. ELLIS, APPELLANT, *v*. WAINWRIGHT, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ellis v. Wainwright,* Slip Opinion No. 2019-Ohio-2853.]

*Habeas corpus—Appellant failed to comply with R.C. 2969.25(C)—Court of appeals' dismissal of petition affirmed.*

(No. 2019-0233—Submitted May 7, 2019—Decided July 17, 2019.)

APPEAL from the Court of Appeals for Marion County, No. 9-18-42.

_____

**Per Curiam.**

{¶ 1} Appellant, James P. Ellis, appeals the Third District Court of Appeals' dismissal of his petition for a writ of habeas corpus.  We affirm.

*Background*

{¶ 2} A jury in Hamilton County found Ellis guilty of aggravated murder and aggravated burglary.  On March 31, 1995, he was sentenced to life imprisonment for aggravated murder and to 10 to 25 years' imprisonment for

aggravated burglary. *State v. Ellis*, Hamilton C.P. No. B 943355 (Mar. 31, 1995), *aff'd*, 1st Dist. Hamilton No. C-950307, 1996 WL 496930 (Sept. 4, 1996).

**{¶ 3}** On November 15, 2018, Ellis filed a petition for a writ of habeas corpus in the Third District Court of Appeals against appellee, Lyneal Wainwright, Warden of the Marion Correctional Institution. Ellis claimed to be entitled to immediate release because he had served the entirety of his aggravated-burglary sentence and the aggravated-murder sentence was "contrary to law" and "unenforceable." Ellis described himself as indigent in his petition but did not file an affidavit of indigency with his petition or request a waiver of the filing fees.

**{¶ 4}** On January 22, 2019, the court of appeals dismissed the petition for two reasons: (1) Ellis had failed to submit an inmate-account statement, as required by R.C. 2969.25(C), and (2) it was clear from the face of his petition that he was not entitled to immediate release, because his maximum sentence (life imprisonment) had not expired.

**{¶ 5}** Ellis appealed.

*Analysis*

**{¶ 6}** An inmate who files a petition for a writ of habeas corpus and who seeks a waiver of the court's filing fees must comply with R.C. 2969.25(C). *Robinson v. Miller*, 148 Ohio St.3d 429, 2016-Ohio-7828, 71 N.E.3d 255, ¶ 7. R.C. 2969.25(C) provides that an inmate who seeks a waiver of the court's filing fees when instituting a suit against a government actor must provide an affidavit of indigency that contains (1) a statement certified by the institutional cashier setting forth the balance in the inmate's account for each of the preceding six months and (2) a statement that sets forth all other cash and things of value owned by the inmate at the time of filing. Failure to comply with the requirements of R.C. 2969.25(C) is grounds for dismissal of the petition. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, ¶ 5.

**{¶ 7}** Ellis complains that he should not be penalized for failing to provide his account statement when he has no ability to compel the cashier of the correctional institution to prepare and provide the necessary certified statement. We recently rejected a similar argument, on the ground that R.C. 2969.25(C) demands strict compliance, so an inmate's explanation for noncompliance is not relevant. *State ex rel. Powe v. Lanzinger*, __ Ohio St.3d __, 2019-Ohio-954, __ N.E.3d __, ¶ 7 (inmate argued that the account-balance portion of his affidavit of indigency had been prepared by the institution's cashier, so he should not be penalized for its noncompliance with R.C. 2969.25(C)). The court of appeals correctly dismissed Ellis's petition.

**{¶ 8}** Because Ellis's noncompliance with R.C. 2969.25(C) was a sufficient reason to dismiss the petition, we need not address the remaining arguments he raises in his appeal. The judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

————————————

James P. Ellis, pro se.

Dave Yost, Attorney General, and Stephanie Watson, Assistant Attorney General, for appellee.

————————————