[Cite as *Billman v. Smith*, 2020-Ohio-1358.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| DAVID BILLMAN, | : | |
| | : | |
| Petitioner-Appellant, | : | Case No. 19CA18 |
| | : | |
| vs. | : | |
| | : | DECISION AND |
| SHELBIE SMITH, WARDEN, | : | JUDGMENT ENTRY |
| | : | |
| Respondent-Appellee. | : | |

_____

APPEARANCES:

David Billman, Orient, Ohio, Appellant, pro se.

David Yost, Ohio Attorney General, and William H. Lamb, Assistant Attorney General, Cincinnati, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} This is an appeal from two Pickaway County Common Pleas Court decisions and entries. The first decision and entry denied Appellant's petition for a writ of habeas corpus for failure to state a claim. The second decision and entry denied Appellant's motion for reconsideration. Because, in a criminal context, there is no authority for the filing of a motion for reconsideration of a final judgment, such a motion is generally considered a legal nullity and thus, an order denying such motion does not constitute a final, appealable order and this Court

lacks jurisdiction to review the related arguments on the merits.[1]  *State v. Campbell,* 4th Dist. Adams No. 16CA1029, 2017-Ohio-4252, ¶ 8, 11 and 12. Accordingly, to the extent Appellant is appealing the trial court's denial of his motion for reconsideration, his appeal is dismissed.

{¶2} Appellant raises four very lengthy assignments of error, however, related to the trial court's denial of his petition for a writ of habeas corpus.  On appeal, Appellant essentially contends 1) that the trial court erred in determining he was not denied access to the courts, which he claims caused his motion for a delayed appeal to the Supreme Court of Ohio to be denied; 2) that the trial court erroneously determined his arguments regarding double jeopardy and the failure to prove venue were barred by res judicata; 3) that the trial court erroneously determined he did not meet the standard for habeas corpus relief; and 4) that the trial court erroneously accepted "the state's misdirection that the double jeopardy issue is only about the indictment."

{¶3} However, because we conclude Appellant's current appeal fails on procedural grounds as a result of his failure to comply with the filing requirements of R.C. 2969.25(A), we must dismiss the appeal for lack of jurisdiction. Furthermore, because we find Appellant's petition fails on substantive grounds, we

---

[1] Moreover, despite the fact that Appellant has represented he is appealing the trial court's denial of his motion for reconsideration, none of his assigned errors on appeal relate to the denial of that motion.

cannot conclude that the trial court erred in granting Appellee's Civ.R. 12(B)(6)

motion for dismissal for failure to state a claim. As such, the arguments raised by

Appellant on appeal are without merit. Accordingly, the appeal is dismissed.

FACTS AND PROCEDURAL HISTORY

{¶4} Because Appellant has not provided this Court with the entire criminal

record of this case, including the underlying criminal record from his convictions

in the Monroe County Court of Common Pleas, we take judicial notice of the facts

of this matter as set forth in his first, direct appeal, as follows:

Appellant and his wife, Mary Billman, are foster parents

working with Monroe County Child and Family Services. According

to testimony, the two live in Monroe County at 31143 Liberty Ridge

Rd., Wingett Run, Ohio 45789 and have lived there since 1994. A

total of seven children lived in the house under the care of the couple

at all periods relevant to this matter. In 2006 Appellant and his wife

accepted responsibility for Child X and Child Y, who had been

removed from the home of their biological father due to sexual abuse.

According to Appellant's wife, when the two children entered

Appellant's home, both had physical indications of sexual abuse.

Both children lived in Appellant's home from February of 2005 until

the present. Appellant resided in the family home until 2011, when

his wife asked him to leave.  Appellant moved out on October 28, 2011, after his wife confronted him with the accusations of Child X and Child Y, who told her that Appellant had been sexually abusing Child Y the entire time she lived with him, and that he had just started abusing Child X.

On October 28, 2011, after he left the house, Appellant called a friend, David A. Preston, and announced: "I molested [Child Y]." (Pretrial Motion Hrg. Tr., p. 46; Tr. Vol. III, p. 93.)  Preston was initially uncertain who was speaking because Appellant had not identified himself.  When Appellant identified himself, Preston asked if he had a place to stay and offered to allow Appellant to stay the night in his house.  Appellant and Preston had been friends for more than six years; they initially met through work near Cincinnati. Although they met because of their work, the two bonded through their Christian faith and regularly discussed religious issues.  The two men were both assistant pastors, but attended different non-denominational churches.  Neither man attended seminary or had undertaken any formal program of religious or pastoral study.  Each man had been "ordained" by the pastor of his respective church. Neither church is formally affiliated with any organized Christian

denomination.  Appellant stayed with Preston for a brief period, but eventually called the Monroe County Sheriff's Department and turned himself in.

On November 17, 2011, Appellant was indicted on twelve counts alleging abuse of both Child X and Child Y.  The counts included two instances of gross sexual imposition with regard to Child X, who was then eight years old.  The remaining ten counts involved Child Y, who was then nine years old, and included two instances of rape, two instances of attempted rape, and six instances of gross sexual imposition.  The charges as they related to Child X were alleged to have occurred between January 1, 2011 and October 28, 2011.  The charges as they related to Child Y were alleged to have occurred between January 1, 2006 and October 28, 2011.  The trial court found both children competent to testify at trial and their testimony, coupled with that of the various adults to whom Appellant admitted his crimes, composed the bulk of the case against Appellant.

Although Appellant was originally charged with two counts of gross sexual imposition involving Child X, her testimony at trial was confused, and ultimately, she described a single incident.  Child Y, however, described Appellant touching and rubbing her vagina on ten

separate occasions in three different locations in the home:  the living room, her mother's bedroom, and another sister's room.  Child Y also described having been made to touch Appellant's genitals on six occasions and revealed multiple instances when Appellant licked her genitals.  Child Y recounted three instances when Appellant placed his penis, which she described as a "[s]oft-ish/hard-ish thing," in her mouth. (Tr. Vol.III, p. 71.)  During two of these incidents, according to Child Y, a "clear-ish" liquid went into her mouth, which she then spit into the toilet. (Tr. Vol.III, p. 74.)  According to Child Y, during one of the three occasions there was no liquid.  In the entirety of Child Y's testimony she related nineteen separate encounters with Appellant that could support gross sexual imposition charges.  At least three and possibly thirteen of those nineteen incidents involved conduct constituting rape (oral and digital).  Child Y said Appellant told her not to tell anyone about the things he did "cause I could go to prison for it." (Tr. Vol. III, p. 74.)

Ten of the original twelve counts were submitted to the jury: two counts of gross sexual imposition involving Child X; two counts of rape involving Child Y; and six counts of gross sexual imposition involving Child Y.  The jury returned guilty verdicts on nine of the ten

counts. Appellant was acquitted of the second count of gross sexual imposition involving Child X.

After sentencing, Appellant filed a motion for new trial based on an audio recording made by his wife of the two girls. Appellant argued that in the recording the girls suggested that they would recant their testimony. The state responded with affidavits describing conversations between Appellant and his wife that were recorded by the facility in which Appellant was being held. The recorded conversations between Appellant and his wife reflected that the two had planned the best way to record the girls to undermine their testimony. Appellant's wife told the girls that they would not have to testify in court at the sentencing hearing if they made a tape for her. The trial court concluded, without a hearing, that the recording offered by Appellant was self-serving and not credible. The trial court overruled Appellant's motion for new trial. Appellant filed timely appeals of his conviction and sentence and of the ruling denying his motion for new trial and the two appeals were consolidated.

*State v. Billman*, 7th Dist. Monroe Nos. 12MO3 and 12MO5, 2013-Ohio-5774, ¶ 2-7.

{¶5} Appellant's first, direct appeal to the Seventh District Court of Appeals resulted in a complete affirmance of Appellant's convictions by a decision issued on December 16, 2013. In affirming Appellant's convictions for gross sexual imposition and rape, the court denied Appellant's arguments that the State failed to sufficiently prove venue, i.e. that the crimes occurred in Monroe County. *Id.* at ¶ 11, 18. The court also considered and rejected Appellant's argument, under a plain error analysis, that his indictment was "duplicative" in that it "failed to allege with enough specificity what events made up the gross sexual imposition charges, and a bill of particulars and testimony at trial did not correct for [sic] this deficiency, in violation of his right to due process of law." *Id.* at ¶ 18. Further, in rejecting this argument the court found no merit to Appellant's claim that the indictment was insufficient because it charged multiple instances of the same crime, and therefore failed to "satisfy the notice and double jeopardy protection purposes of grand jury indictments." *Id.* at ¶ 33.

{¶6} Thereafter, it appears that Appellant filed a motion for a delayed appeal to the Supreme Court of Ohio, which was denied on April 23, 2014. *State v. Billman*, 138 Ohio St.3d 1467, 2014-Ohio-1674, 6 N.E.3d 1203. From there, Appellant filed a federal petition for habeas corpus on October 15, 2014, asserting four grounds for relief. *Billman v. Warden*, S.D.Ohio No. 2:14-CV-1910, 2016 WL 931262 (Mar. 11, 2016). The first ground for relief consisted of a claim that

the "State did not prove venue, nor present evidence, to support the convictions, at trial." *Id.* at *2. The second ground consisted of a claim that "[t]he convictions were against the manifest weight of the evidence." *Id.* The third ground consisted of a claim that "[t]he charges are duplicitous (carbon copies) without distinction and do not protect the petitioner against double jeopardy." *Id.* The fourth claim has no relevance to the present appeal.

{¶7} The federal court ultimately determined that all of Appellant's claims "were procedurally defaulted" and the petition was ultimately denied on March 11, 2016. *Id.* at *5.[2] In denying the petition, and pertinent to Appellant's denial of access to courts argument in the present appeal, the federal court found that "the record does not support Petitioner's claim that he was denied access to notary services required to complete his indigency affidavit until it was too late for him to take a timely appeal." *Id.* at *5. The court further found that because "no additional research was needed in order for him to perfect his appeal[,]" he had not established good cause for his delay in filing his appeal to the Supreme Court of Ohio. *Id.* The court further noted, in support of its decision, that "[t]he federal

---

[2] The court explained that "[t]he term 'procedural default' has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the courts of the trial or the appeal before a federal court intervenes in the state criminal process." *Id.* at *3. The court further explained that "[t]his 'requires the petitioner to present "the same claim under the same theory" to the state courts before raising it on federal habeas review.' "

courts have not been particularly sympathetic to claims that lack of access to a law library should excuse a procedural default." *Id.*

{¶8} The federal court further went on to discuss the fact that Appellant would not have been able to meet the standard to show that his claims were meritorious, even if they had not been procedurally defaulted. *Id.* The court explained as follows:

> When the claims presented in a habeas corpus petition have been presented to and decided by the state courts, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. *Id.* at *6.

The federal court noted that Appellant's sufficiency argument involving the establishment of venue, as well as Appellant's double jeopardy argument related to the indictment on multiple counts of rape and gross sexual imposition, had been considered and addressed by the state court of appeals. *Id.* at *6, 8. The court further determined that the fact that all of his claims had been procedurally defaulted caused Appellant no prejudice, as none of his claims were meritorious. *Id.* at *7, 8.

{¶9} Subsequently, Appellant filed the underlying petition for a writ of habeas corpus in the Pickaway County Court of Common Pleas. Appellant set forth three arguments in support of his petition. First, Appellant raised a double jeopardy/due process argument related to his indictment and prosecution on multiple counts of rape and gross sexual imposition charges. He essentially claimed that the State had prosecuted him multiple times for the same crime without making any distinction between the charged crimes. He argued that an "indictment of identical charges is vague and duplicative" and that the repetitive rape and gross sexual imposition charges contained in his indictment were mere "carbon copies" of one another. He contended that the State's failure to differentiate between the charges violated his Sixth Amendment right to be informed of the nature of the accusations being made against him and did not provide him with notice of all of the elements of the offenses being charged. He contended that, as a result, he was convicted of a generic pattern of offenses rather than being convicted of specific, separately proven offenses with the threat of more charges to come. He cited *Valentine v. Kontech*, 395 F.3d 626, 634 (6th Cir.2005) in support of his argument, stating that *Valentine* held that an indictment that fails to comport with due process, to the extent that it contained identical

charges that were undifferentiated at trial, failed to give the defendant adequate notice of the charges against him.[3]

{¶10} Second, Appellant argued that he was deprived of his constitutional right to due process and equal protection under the Fifth and Fourteenth Amendments, claiming that venue had to be proven for each and every count of the indictment, and that the State failed to prove venue for any of the counts. He argued that although one of the children testified that the incidents at issue occurred in the living room and in her mom's bedroom, that the State failed to connect any of the those rooms to a location to prove venue for counts one, three, four, and seven through twelve of the indictment. He claims his conviction in light of this failure has resulted in him being wrongfully imprisoned. Ultimately, he claimed these alleged errors at trial caused him to be convicted based upon insufficient evidence and resulted in a denial of his constitutional rights to due process and equal protection. He noted in his petition that he raised this venue argument on direct appeal, but that it was denied.

{¶11} Third, Appellant argued that he was denied his federal constitutional right of access to the courts because prison authorities prevented and deprived him

---

[3] The Seventh District Court of Appeals decision found that Appellant's reliance on *Valentine* in support of his arguments regarding his indictment were misplaced, explaining that "the *Valentine* decision was based on Fifth Amendment law that does not apply to the Ohio Grand Jury indictment requirement[,]" and importantly, that the *Valentine* decision "misapplies existing federal law and misrepresents a number of the cases on which it relies." *State v. Billman*, *supra*, at ¶ 34-35.

of access to the prison law library, someone trained in law to assist him, notary services, copying services, and failed to respond to his kites requesting assistance. He argued that only after he filed a grievance was he permitted access to the law library and provided assistance in filing his appeal to the Ohio Supreme Court. He further argued that he was denied access to the courts because he missed his filing deadline and was only able to file a motion for a delayed appeal with the Supreme Court, which was denied. He argues that the denial of his motion for leave to file a delayed appeal was a direct result of prison officials denying him access to the courts. Finally, he contends this denial entitles him to an immediate release from prison.

{¶12} The State opposed Appellant's petition below. As to Appellant's first argument that his indictment was defective, which he couched in terms of a double jeopardy violation, the trial court found the issue was "addressed and ruled on" in his first, direct appeal and was, thus, res judicata. As to his second argument that venue was never established, the court found this issue was also "addressed and ruled on" in his first, direct appeal and was res judicata as well. Finally, as to Appellant's third argument that he was denied access to the courts, the trial court found that because Appellant was able to make a delayed appeal to the Supreme Court of Ohio, he was not denied access to the courts despite the fact that his motion was denied. The trial court ultimately dismissed Appellant's petition.

Appellant now appeals from the trial court's dismissal of his petition and assigns

four errors for our review.

ASSIGNMENTS OF ERROR

I.      "THE COURT IS IN ERROR WHEN IT STATED IN ITS DECISION
        AND ENTRY THAT MR. BILLMAN WAS PERMITTED A DELAYED
        APPEAL TO THE OHIO SUPREME COURT (O.S.CT.) SEE BONILLA,
        ID. WHEREAS MR. BILLMAN WAS DENIED A DELAYED
        APPEAL AND WAS TIME BARRED FROM THE COURT IN
        VIOLATION OF MR. BILLMAN'S FUNDAMENTAL
        CONSTITUTIONAL RIGHT OF ACCESS TO THE COURT
        ANNUNCIATED IN BOUNDS V. SMITH, ID. UNDER THE SIXTH
        AMENDMENT TO THE U.S. CONSTITUTION AND HIS RIGHT TO
        DUE PROCESS OF THE LAW UNDER THE FIFTH AND
        FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, U.S.
        SUPREME COURT RULINGS IN BOUNDS V. SMITH, HOOKS V.
        WAINWRIGHT. ARTICLE 1, SECTION 16 OF THE OHIO
        CONSTITUTION."

II.     "THE COURT IS IN ERROR WITH REGARD TO RES JUDICATA. THE
        ISSUES OF PROVED VENUE AND DOUBLE JEOPARDY ARE NOT
        RES JUDICATA AS MR. BILLMAN WAS NEVER ALLOWED TO
        ARGUE AGAINST THE FABRICATED EVIDENCE INTRODUCED BY
        THE STATE. SEE BONILLA, ID. MR. BILLMAN WAS NOT
        PERMITTED TO RESPOND TO, OR DEFEND HIMSELF AGAINST,
        THE FABRICATED EVIDENCE THAT THE STATE PROVED VENUE,
        NOR THE DECEPTION THAT THE DOUBLE JEOPARDY ISSUE WAS
        ABOUT THE INDICTMENT, PRESENTED BY THE STATE. IN
        VIOLATION OF ACCESS TO THE COURT UNDER THE SIXTH
        AMENDMENT AND OF DUE PROCESS OF THE LAW UNDER THE
        FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S.
        CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO
        CONSTITUTION."

III.    "THE COURT IS IN ERROR WHEN IT SAID THAT MR. BILLMAN
        DOES NOT MEET THE STANDARD FOR HABEAS CORPUS.
        WHEREAS MR. BILLMAN'S CONVICTIONS ARE A DIRECT
        CONTRADICTION TO THE STATE CONSTITUTION, ARTICLE I, § 10

WHICH SAYS THAT A CONVICTION MAY NOT BE HAD WHERE THE VENUE ALLEGED IN THE INDICTMENT IS NOT PROVEN. AND BEING DENIED ACCESS TO THE COURT PREVENTED HIM FROM ADDRESSING THIS ISSUE IN THE NORMAL COURSE OF LAW. A VIOLATION OF HIS SIXTH AMENDMENT RIGHT OF ACCESS TO THE COURT U.S. SUPREME COURT RULINGS AND TO DUE PROCESS OF THE LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION. THEREFORE MR. BILLMAN CLEARLY MEETS THE STANDARD OF EXTRAORDINARY CIRCUMSTANCES AS ANNUNCIATED IN, THE DECISION AND ENTRY, STATE EX REL. JACKSON V. MCFAUL."

IV.     THE COURT IS IN ERROR WHEN IT ACCEPTS THE STATE'S MISDIRECTION THAT THE DOUBLE JEOPARDY ISSUE IS ONLY ABOUT THE INDICTMENT. WHEREAS MR. BILLMAN WAS CONVICTED MULTIPLE TIMES FOR THE EXACT SAME OFFENSE AND THE STATE MADE NO DISTINCTION BETWEEN THE CONVICTIONS DURING TRIAL. IN VIOLATION OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION, AND IN VIOLATION OF DUE PROCESS OF THE LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION."

Standard of Review

{¶13} As set forth above, the State moved to dismiss Appellant's petition below for failure to state a claim and the trial court granted the State's motion and dismissed the petition. "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers– Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must

appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought. *Ohio Bur. Of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12; *Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-Ohio-1729, ¶ 10. When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party. *State ex rel. Talwar v. State Med. Bd. of Ohio*, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5; *Perez v. Cleveland*, 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993); *Estate of Sherman v. Millhon*, 104 Ohio App.3d 614, 617, 662 N.E.2d 1098 (10th Dist.1995). Furthermore, the trial court "cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion." *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).

{¶14} This same standard applies in cases involving claims for extraordinary relief, including habeas corpus. *Boles v. Knab*, 130 Ohio St.3d 339, 2011-Ohio-5049, 958 N.E.2d 554, ¶ 2 ("Dismissal under Civ.R. 12(B)(6) for failure to state a claim was warranted because after all factual allegations of Boles's petition were presumed to be true and all reasonable inferences therefrom were made in his favor, it appeared beyond doubt that he was not entitled to the requested extraordinary relief in habeas corpus"). "Appellate courts review de novo a

dismissal for the failure to state a claim." *Hammond v. Perry*, 4th Dist. Hocking No. 12CA27, 2013-Ohio-3683, ¶ 11, citing *Allen v. Bryan*, 4th Dist. Hocking No. 12CA15, 2013-Ohio-1917, ¶ 7; *Barley v. Hearth & Care of Greenfield, L.L.C.*, 4th Dist. Highland No. 12CA13, 2013-Ohio-279, ¶ 11. "In other words, an appellate court affords no deference to a trial court's decision and, instead, applies its own, independent review to determine if the Civ.R. 12(B)(6) requirements were satisfied." *Hammond* at ¶ 11, citing *McDill v. Sunbridge Care Ents., Inc.*, 4th Dist. Pickaway No. 12CA8, 2013-Ohio-1618. ¶ 10; *Estep v. State*, 4th Dist. Ross No. 09CA3088, 2009-Ohio-4349, ¶ 5.

Habeas Corpus

{¶15} Habeas corpus petitions are governed by R.C. 2725. They are available to a person who is "unlawfully restrained of his liberty * * * to inquire into the cause of such imprisonment, restraint, or deprivation." R.C. 2725.01. "An individual may petition for a writ of habeas corpus if his maximum sentence has expired and he is being held unlawfully." *Nedea v. Cook*, 4th Dist. Hocking No. 15CA12, 2015-Ohio-3668, ¶ 8, citing *State v. Wilburn*, 4th Dist. Lawrence No. 98CA47, 1999 WL 1281507 (Dec. 22, 1999) and *Frazier v. Strickrath*, 42 Ohio App.3d 114, 115-116, 536 N.E.2d 1193 (4th Dist.1988); *see also Bradley v. Hooks*, 4th Dist. Ross No. 16CA3576, 2017 -Ohio- 4105, ¶ 10.

{¶16} A habeas corpus petition must conform to certain statutory requirements. It must be signed and verified, and it must specify: (A) that the petitioner is imprisoned or restrained of his liberty; (B) the name of the person restraining the petitioner, if known; (C) the place the petitioner is imprisoned or restrained, if known; and (D) it must include a copy of the commitment papers, if the commitment papers can be obtained without impairing the efficiency of the remedy. R.C. 2725.04. A petitioner's failure to attach all pertinent commitment papers renders the petition fatally defective. *See Tucker v. McAninch*, 82 Ohio St.3d 423, 696 N.E.2d 595 (1998) (affirming this court's dismissal of a habeas corpus petition where petitioner did not attach all the relevant commitment papers); *Workman v. Shiplevy*, 80 Ohio St.3d 174, 685 N.E.2d 231 (1997); *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992). It appears Appellant met these procedural requirements below and that the trial court did not dismiss Appellant's petition on these procedural grounds.

{¶17} Additionally, a failure to comply with the provisions of R.C. 2969.25 requires the dismissal of an action in habeas corpus. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982. R.C. 2969.25(A)(1)-(4) requires that an inmate who files a civil action *or appeal* against a government entity or employee must file an affidavit that contains a description of each civil action or appeal the inmate has filed in the previous five years. A review of the record

indicates Appellant met this requirement below with the initial filing of his petition at the trial court level. According to the plain language of the statute, he was required to file another affidavit along with his appeal to this Court, however, he did not. As a result, his appeal is procedurally defective and must be dismissed. *See Robinson v. Miller*, 148 Ohio St.3d 429, 2016-Ohio-7828, 71 N.E.3d 255, ¶ 7 ("The requirements of R.C. 2969.25 are ' "mandatory, and failure to comply with them subjects an inmate's action to dismissal." ' "), quoting *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶ 1, in turn quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

{¶18} R.C. 2969.25(C)(1) further requires that inmates who file civil actions *or appeals* against a government entity or employee, and who seek waivers of the prepayment of the full filing fees assessed by the court, shall file with the complaint, *or notice of appeal,* an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees, as well as an affidavit of indigency. *Washington v. Morgan*, 4th Dist. Scioto No. 14CA3664, 2014-Ohio-5834, ¶ 9. These affidavits must include a statement that sets forth the balance in the inmate's account for each of the preceding six months and must be certified by the institutional cashier. *Id.*; citing *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, 951 N.E.2d 389, ¶ 1 (court of appeals did not err in dismissing inmate's petition for a writ of habeas corpus because inmate must include a statement

setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier); *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830; *State ex rel. Thacker v. Evans*, 4th Dist. Gallia No. 05CA4, 2005-Ohio-933. Here, Appellant filed an affidavit of indigency averring he was without sufficient funds to pay the required costs and fees of the habeas action and requested a waiver at the trial court level. His request included the required affidavit as well as the certified statement regarding his inmate account balance. On appeal, however, although Appellant filed an affidavit of indigency, he did not further seek a waiver of prepayment of the filing fees. Nor did he attach a certified statement regarding his inmate account balance. Thus, we do not construe Appellant's filing of an affidavit of indigency alone as a request for a waiver of fees. Therefore, Appellant was not bound by the additional statutory filing requirements on appeal, the noncompliance with which would have been additional grounds for dismissal of his appeal.

Legal Analysis

{¶19} Despite the procedural defect on appeal, we note that Appellant's petition was properly dismissed on substantive grounds by the trial court, albeit for incorrect reasons as to the double jeopardy, venue, insufficiency, due process, and equal protection arguments. First, to the extent Appellant argues he was denied access to the courts by prison officials by virtue of the fact that he missed his

appellate filing deadline to the Supreme Court of Ohio and, as a result, had to file a motion for leave to file a delayed appeal, which was denied, his argument has no merit. As noted by the State in its motion to dismiss below and also on appeal, Appellant's motion for leave to file a delayed appeal to the Supreme Court was an adequate remedy at law, despite the fact that the motion was ultimately denied. *Webber v. Kelly*, 120 Ohio St.3d 440, 2008-Ohio-6695, 900 N.E.2d 175. As explained in *Webber*, a petitioner has an adequate remedy at law by way of an appeal to the Supreme Court and simply because an attempt to appeal to the Supreme Court fails when a motion for leave to file a delayed appeal is denied, a petitioner is not entitled to extraordinary relief in habeas corpus. *Id.* at ¶ 9. Thus, Appellant's access-to-the-courts argument had no merit.

{¶20} Second, with respect to Appellant's arguments regarding his defective indictment and duplicative prosecution for multiple offenses (which were couched in terms of double jeopardy and due process violations) and failure to prove venue/sufficiency of the evidence (which were couched in terms of due process and equal protection violations), as noted by the trial court below and also by the federal court in Appellant's federal habeas corpus petition, these exact arguments were raised on direct appeal and were considered and denied. However, contrary to the trial court's decision, as well as arguments by the State both below and on appeal, they are not barred by res judicata, at least to the extent they were already

decided under Appellant's first, direct appeal. The doctrine of res judicata generally states as follows:

> [A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, paragraph nine of the syllabus (1967).

{¶21} However, this Court has observed that the Supreme Court of Ohio has previously "recognized that habeas corpus actions are typically exempt from res judicata because ' "[c]onventional notions of finality of litigation have no place where life or liberty is at stake." ' " *Lloyd v. Robinson*, 4th Dist. Ross No. 14CA3462, 2015-Ohio-1331, ¶ 12-13 (also holding, however, that res judicata applied to bar successive petitions for habeas corpus), quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 63, 558 N.E.2d 1178 (1990), in turn quoting *Sanders v. United States*, 373 U.S. 1, 8, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *see also Patterson v. Bracy*, 2019-Ohio-747, 132 N.E.3d 1115, ¶ 21 ("Under Ohio law, habeas corpus proceedings are exempt from res judicata."). Thus, because the trial

court determined that these arguments were barred by res judicata because they were already raised and rejected as part of Appellant's first, direct appeal, the trial court's decision was in error. However, Appellant's petition was arguably barred by res judicata as a successive petition in light of the fact that Appellant had filed a previous motion for a federal writ of habeas corpus. Because Appellant's arguments fail for other reasons, however, we decline to address whether res judicata applies to bar a state petition for habeas corpus that is filed after a federal petition for habeas corpus is denied, when the grounds for denial were based on procedural default and were not based upon the merits.

{¶22} As explained in *Webber*, *supra*, "in general, 'habeas corpus is not available to remedy claims concerning * * * the sufficiency of the evidence.' " *Webber* at ¶ 8, quoting *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4; *see also Bradley v. Hooks*, 4th Dist. Ross No. 16CA3576. 2017-Ohio-4105, ¶ 14. Likewise, challenges to an indictment are properly brought on direct appeal in the ordinary course of law and cannot be challenged collaterally by an extraordinary writ. *See generally, State v. Lambert*, 2017-Ohio-4310, 82 N.E.3d 29, ¶ 15 (4th Dist.), citing *State ex rel. Bandarapalli v. Gallagher*, 128 Ohio St.3d 314, 2011-Ohio-230, 943 N.E.2d 1020, ¶ 1; *see also Lloyd v. Robinson*, *supra*, at ¶ 14. Stated another way, challenges to the

indictment, arguments challenging the sufficiency of the evidence, and alleged due process violations that occur as a result, are not cognizable in habeas corpus. Thus, the trial court reached the correct result as to these arguments in dismissing Appellant's petition, albeit for the wrong reasons.

{¶23} Moreover, this Court could not review the merits of Appellant's arguments even if we were so inclined because Appellant has not provided us with the trial court record related to his Monroe County, Ohio convictions. Finally, as noted by the State and though not mentioned by the trial court, Appellant is not entitled to extraordinary relief because his maximum sentence has not expired. As set forth above, an individual may only petition for a writ of habeas corpus if his maximum sentence has expired and he is being held unlawfully. *Nedea v. Cook*, *supra*, at ¶ 8 and *Bradley v. Hooks*, *supra*, at ¶ 10. Appellant, however, is currently serving two concurrent terms of life in prison without parole, along with seven consecutive sixty-month prison terms. As a result, he cannot demonstrate that his maximum sentence has expired.

{¶24} Thus, to summarize, because Appellant's petition failed on substantive grounds below, we cannot conclude the trial court erred in dismissing his petition for failure to state a claim. Furthermore, because Appellant's appeal to this Court fails on procedural grounds, it likewise must be dismissed. Accordingly,

the present appeal is hereby dismissed.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE DISMISSED and costs be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,


_____
Jason P. Smith
Presiding Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**